Hazel ECKELS, Plaintiff in Error,

v.

Clifford TRAVERSE, Defendant in Error.

No. 38930.

Supreme Court of Oklahoma.

June 6, 1961.

See also 362 P.2d 683.

Ted R. Fisher, Paul Brightmire, Tulsa, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendant in error.

JOHNSON, Justice.

The plaintiff in error filed her suit in the District Court of Woods County, Oklahoma, against the defendant in error, Dr. Traverse, to recover damages for malpractice. The petition contained two causes of action, the first being based upon the theory of as-

sault and battery, and the second on the theory of negligence. Motion was made by the defendant to elect upon which cause she would proceed. This motion was sustained by the trial court. Plaintiff elected to proceed on the negligence count. Answer was filed by the defendant denying all of the allegations of negligence. The case was tried before a jury which resulted in a verdict for the defendant. Motion for new trial was overruled, and this appeal perfected.

Three propositions are urged by the plaintiff in error:

1. Error of the trial court in sustaining the motion to elect.

2. Error in the trial court's instructions.

3. Error in refusing to submit the allowance of punitive damages to the jury.

The first complaint urged by plaintiff is that the trial court erred in requiring the plaintiff to elect whether to proceed on the first cause of action for assault and battery or the second cause of action for negligence.

■ This question was moot, and therefore it is unnecessary for us to pass upon this for the following reasons: The plaintiff elected to proceed on the second cause of action for negligence. Under no circumstances could she have proceeded upon the first cause of action. The alleged assault occurred on June 2, 1957, according to the petition. The suit was filed on June 27, 1958. The face of the petition therefore .revealed that plaintiff's cause of action for assault and battery was barred under 12 O.S.1951 § 95, subd. 4, which provides that civil actions for assault and battery must be brought within one year. Plaintiff's action under the first cause pleaded being barred by limitation, the sustaining of the motion to elect and the removal of the first cause of action was, under the circumstances of this case, harmless.

The harmlessness of this ruling is further .shown by the fact that there was a demurrer to plaintiff's evidence when plaintiff rested. This demurrer would have eliminated the cause of action based upon assault and battery being submitted to the jury for plain-

tiff's evidence also revealed the cause being barred by limitation.

The correctness of the instructions to the jury is challenged. Those to which objection is made were Nos. 6, 7, 8 and 9, as follows:

"No. 6. You are further instructed that the mere fact that a patient, following an operation, does not have a normal recovery within a reasonable time, or that perfect or even good results do not obtain from said operation, does not, of itself and without proof of negligence, carelessness and unskillfulness on the part of the operating physician and surgeon, entitle such patient to recover damages from such physician and surgeon.

"No. 7. You are further instructed that a physician and surgeon, in performing an operation, is not a warrantor or guarantor of a recovery of the patient. In this connection, you are instructed that a physician and surgeon is not responsible in damages for mere want of success in operating or attempting to cure a patient, unless it is shown that the acts of the physician and surgeon resulted from want of ordinary skill and learning such as is ordinarily possessed by others of his profession, practicing the same type of medicine or surgery in the general community, and in this connection you are instructed that a physician and surgeon is not presumed to exercise extraordinary skill or extraordinary diligence and care in performing a surgical operation and in the care of his patient thereafter.

"No. 8. You are further instructed that a physician and surgeon is not bound to use any particular method of treatment or surgery with his patient, and if among physicians and surgeons of ordinary skill and learning, more than one method of treatment or surgical operation is recognized as proper, it is not negligence or carelessness for a physician and surgeon in good faith

to adopt and use either of such methods of treatment or surgical operation.

"No. 9. Before plaintiff may recover from the defendant she must prove to your satisfaction, by a preponderance of the evidence, including expert medical testimony, and not by mere guesswork, surmise or suspicion on your part as jurors, at least two elements, to-wit:

"1. That the defendant was unskillful or negligent, as alleged by plaintiff.

"2. That his lack of skill or negligence caused injury to the plaintiff."

It is not urged that these instructions are erroneous because they incorrectly state abstract propositions of law, but each is attacked as not being applicable to the facts of the case.

In connection with Instruction No. 6, it is said that there was no issue of "normal recovery." As to No. 7, it is urged that the evidence did not involve any issue of "want of success" or "extraordinary skill." Complaint about No. 8 is based on the choice of "more than one method of surgical operation."

 These three instructions are but explanatory of the rules covering most malpractice suits and correctly embody the law. If any one of these issues was not present, we are of the opinion and hold that they were harmless under the circumstances of this case.

"Where the instructions given by the trial court clearly and reasonably present the issues joined by the pleadings and presented by the evidence, they are sufficient." James E. Bennett & Co. v. Robinson, 170 Okla. 174, 39 P.2d 86.

As to No. 9, it correctly stated the law in connection with all of the instructions given.

The final complaint of the plaintiff is the refusal of the trial court to instruct on exemplary damages. It is essential under the statute Title 23 O.S.1951 § 9, that there be a recovery of actual damages before punitive damages may be awarded. Inasmuch as the jury herein found for the defendant on the award of actual damages, there could be no award of punitive damages.

As the court said in Fuller v. Neundorf, Okl., 278 P.2d 836, at page 839:

"Where plaintiff's claim for actual damages was not sustained, the claim for punitive damages no longer exists."

Judgment affirmed.