2002 OK 87

Edward SMEDSRUD, Plaintiff–Appellant,

v.

Cecil POWELL d/b/a Pappy's Corner, Defendant–Appellee.

No. 97,046.

Supreme Court of Oklahoma.

Nov. 12, 2002.

Randy P. Conner, Randy P. Conner P.C., Oklahoma City, Oklahoma for appellant.

Mark D. Brown, Margo M. Brown, Oklahoma City, Oklahoma for appellee.[1]

OPALA, J.

¶1 The dispositive issue on certiorari is whether the Court of Civil Appeals [COCA] **erred in affirming summary judgment for the defendant?** We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

¶2 Edward Smedsrud [Smedsrud] brought an action to recover for injuries he sustained upon the premises of Cecil Powell d/b/a/ Pappy's Corner [Owner]. This is Smedsrud's certiorari quest upon his *second appeal* for review of the trial court's *second summary*

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. Because of the awning's size, Owner argued that any danger it posed should be deemed open and obvious to anyone walking nearby. He claimed he is not liable for Smedsrud's injuries because a land occupier has no duty to correct, or warn invitees about, open-and-obvious hazards. Owner asserted that Smedsrud's conten-

*judgment* and of its postjudgment decision on a new-trial motion. COCA affirmed the trial court's *second* summary disposition for Owner.

### The First Appeal—Smedsrud I

¶3 This controversy arose when Smedsrud was walking from Owner's car wash toward his convenience store along a pathway parallel to the store. A note at the car-wash change machine **directed customers to go inside the store** for needed coins. Smedsrud hit the top of his head on a wooden awning protruding from the side of the store. He sued Owner to recover damages for his injuries. Owner moved for summary adjudication, arguing that the danger posed by the awning was open and obvious and that Smedsrud's injuries were caused by his own negligence or inattention. **He characterized the lawsuit as a "relatively simple premises case."** [2]

¶4 Smedsrud countered that several fact questions required his cause's submission to the jury, namely, (a) whether the overhang posed an open-and-obvious danger, (b) whether Owner used ordinary care to prevent a hazardous condition on the premises after being timely warned of its presence, (c) whether Owner exercised ordinary care to correct the hazard after he knew (or should have known) of its existence, (d) whether Owner was negligent in placing and designing the overhang and (e) whether he failed to maintain his premises in a safe condition.

¶5 The trial court gave summary judgment to Owner, *ruling that the "awning was open and obvious"* and the accident occurred because Smedsrud failed "to exercise due care" and "watch where he was going." In his later *quest for new trial,* Smedsrud argued that while the overhang was visible, it

tions about duty to warn, placement and design of overhang and Owner's failure to maintain are based on hearsay and bare assertions. According to Owner, Smedsrud was attempting to support the notion that the structure is dangerous by tendering inadmissible "double hearsay"—*i.e.,* an alleged conversation he had with a store clerk who no longer works there and could not then be found.

presented a deceptively innocent appearance of safety, which cloaked a reality of danger.[3]

¶ 6 COCA *reversed* the summary judgment and *remanded* the cause for further proceedings.[4] According to COCA, the record *shows* "that reasonable minds could differ on whether the condition of the pathway sufficiently diverted ... [Smedsrud's] attention from the alleged danger presented by the awning to prevent it from being considered 'open and obvious.'" COCA *reasoned* that the photographs in the record demonstrate (a) the awning was clearly visible and not obscured by any portion of the building and (b) the pathway was partially obstructed by a pipe coming out of the wall. In an *inviting footnote* that proved prophetic, COCA *noted* that *although* the evidentiary material indicates the awning may have been constructed in 1982 and remained unchanged until after the time of the accident in 1995, *Owner did not interpose for his defense below* that Smedsrud's claim was time-barred by the provisions of 12 O.S.2001 § 109 (a statute of repose).[5]

### The Second Appeal—Smedsrud II

¶ 7 Upon COCA's remand, Owner once again moved for summary judgment, *this* time resting his quest on COCA's inviting footnote about the § 109 time bar's availability. According to Owner, Smedsrud's claim is not predicated on premises liability but rests on the design of the pathway, including the awning, the protruding pipes and the concrete parking stops, which were installed in 1982 when the building was initially constructed. Because these improvements upon the real property had remained unchanged up until the time of the ·1995 accident and Smedsrud's action was brought more than 10 years after their completion, Owner argued that by the terms of § 109 the cause became time-barred. To show Smedsrud's **postremand reliance** on a construction-and-design-defect theory of liability, Owner directs us to statements in **Smedsrud's response**[6] to Owner's **first** (pre-appeal) *motion for summary adjudication* **as well as** to arguments pressed in his **first** (pre-appeal) *motion for new trial*.[7]

¶ 8 *We disagree with Owner's assessment of the Smedsrud claim's theoretical underpinning.* Smedsrud's **postremand response** to the **second** (postappeal) summary judgment motion **tenders but a single theory in support of his claim—*that of premises liability*.**[8] According to Smedsrud, Owner

---

3. Smedsrud claimed his attention was diverted from the awning by obstacles in the pathway. These obstacles impaired his ability to appreciate the presence of danger from the overhang, thus masking the hazard and making it neither open nor obvious. He also argued that Owner was negligent *per se* because the 6' overhang did not meet the Lawton Building Code requirement that a fixed awning be 7' above the sidewalk. Owner initially responded by arguing that Smedsrud's new-trial motion was untimely (because it was brought more than 10 days after summary judgment's entry). He claimed that if one were to concede the building code's applicability as well as his own failure to build the awning according to code requirements, the defect, if any, was merely a "condition" and not the "cause" of Smedsrud's accident.

4. *Smedsrud v. Powell [Smedsrud I]* (No. 93,699, unpublished opinion of Court of Civil Appeals, Div. III, handed down 10 July 2000)

5. The terms of 12 O.S.2001 § 109 provide that an action may not be commenced against any person performing or furnishing the "design, planning, supervision or observation of construction or construction of an improvement to real property" more than 10 years after the improvement has been substantially completed. For the definition of a statute of repose, see *infra* note 35.

6. For Smedsrud's response to the *first* (pre-appeal) summary judgment, see Part I, ¶ 4, *supra*.

7. For Smedsrud's arguments in his *first* (pre-appeal) new-trial motion, see Part I, ¶ 5, *supra*.

8. According to Smedsrud's **postremand response** [to Owner's second **(postappeal) motion** for summary adjudication], **there are several material fact issues:** (a) whether the overhang was an open-and-obvious condition, (b) whether Owner provided invitees a safe ingress and egress to and from his store, (c) whether Owner used ordinary care to prevent a hazardous condition on his property after he was duly warned about its dangerous features, (d) whether Owner exercised ordinary care to correct it after he knew, or should have known, of its existence, (e) whether Owner failed to maintain the premises in a safe condition, (f) whether Owner **directed** his invitees to pursue a dangerous path to his store, (g) whether Owner's actions in giving directions to invitees were negligent, and (h) whether Owner was negligent in failing **to alter the directed course of the traffic** and in repairing the change machine.

owes an invitee a duty to provide a reasonably safe means of ingress and egress to and from his place of business. He (Smedsrud) *insists* the overhang was not a dangerous instrumentality until Owner *directed his invitees' foot traffic to pass along a pathway underneath that overhang. Smedsrud argues the actionable breach of duty to be redressed here against Owner lies not in the awning's flawed construction, but rather in his failure to provide the invitees with a safe access to his place of business.*

¶ 9 After the trial court once again *gave summary judgment to Owner on his § 109 defense,* Smedsrud *moved for new trial,* arguing that the cited section *neither applies* to known hidden dangers *nor defeats* an owner's duty towards invitees to exercise reasonable care to keep the premises in a reasonably safe condition and to warn them of conditions in the nature of hidden dangers. Owner then *responded* that Smedsrud's claim and his alleged injury are so inextricably intertwined with allegations of negligence *per se* (based on violation of a city building ordinance) and design-and-construction deficiencies that it is barred by the § 109's statute of repose. He also argued that Smedsrud failed to produce any evidentiary material to establish an essential element of his claim—*that Owner had advance notice of any hidden defect which allegedly caused his injury.*[9]

¶ 10 The COCA opinion's affirmance of summary judgment is mainly (if not solely) rested on the § 109 bar.[10] Upon analyzing extant § 109 jurisprudence[11] and *Smedsrud's pre-remand arguments,* the intermediate court held that, regardless of his persistent reliance on premises liability, *Smedsrud's claim is based solely* on deficiencies in the construction and design of the awning. This, in COCA's view, makes § 109 operative as a bar to the action. *We disagree and hold that COCA erred in this conclusion as well as in affirming summary judgment for Owner.* The trial court's critical errors lie in: (1) *failing* to recognize that Smedsrud's premises-liability claim was entitled to the protection of *Smedsrud I's settled law;*[12] (2) *considering* the alleged lack of advance notice to Owner of open-and-obvious danger as a liability-defeating defense and as a new issue available in postremand summary process[13] and (3) *saddling* Smedsrud with a liability theory he did not press.[14]

## II

### ARGUMENTS ON CERTIORARI

¶ 11 Owner explains that the § 109 defense was not pressed by him in *Smedsrud I* because there he preferred to urge what he then believed to be the stronger theory—his defenses against premises liability. For the notion that Smedsrud's claim is based on construction-and-design deficiencies, Owner directs us to Smedsrud's own allegations in his response to the *first* summary judgment motion and in the new-trial motion (that immediately followed the first summary judgment).[15] Owner urges upon us extant jurisprudence that indicates common-law liability will be defeated by the statute of repose if the action is based on design-and-construction defects.[16] He asserts that § 109 operates to bar Smedsrud's claim because his

---

9. Attached to Owner's nisi prius brief in response to the new-trial motion was an affidavit of Owner's former employee in which she denied telling Smedsrud she was aware of a problem with the awning or that she had expressed concern to anyone about the safety of customers approaching the awning at *locus in quo.* Smedsrud brought an appeal after nisi prius denial of his motion.

10. For the pertinent terms of 12 O.S.2001 § 109, see *supra* note 5.

11. COCA examined *Gorton v. Mashburn,* 1999 OK 100, 995 P.2d 1114, and *Abbott v. Wells,* 2000 OK 75, 11 P.3d 1247.

12. *See* Part III, *infra.*

13. *See* Parts III and V, *infra.*

14. *See* Part IV(A) and (B), *infra.*

15. For Smedsrud's (a) response to the *first* pre-appeal summary judgment motion and (b) his *first* new-trial motion, see Part I, ¶¶ 4–5, *supra.*

16. For this notion Owner directs us to *Abbott,* supra note 11, at ¶ 4, at 1248.

pressed theory of liability *is inextricably intertwined with allegations of negligent design and construction.*[17]

¶ 12 Smedsrud counters that the § 109 bar is *not invocable against his claim because under its legal predicate Owner's breach of duty lies not in the flawed construction of the overhang, but in his failure to provide invited pedestrians with a reasonably safe means of ingress and egress to and from his place of business.*

## III

### *SMEDSRUD I SETTLES* SMEDSRUD'S LEGAL DEMAND FOR AVAILABILITY OF PREMISES LIABILITY TO PROSECUTE HIS CLAIM AND PROTECTS THAT THEORY'S USE AGAINST NISI PRIUS ELIMINATION IN POSTREMAND PROCEEDINGS

¶ 13 Where, on the judgment's reversal, a cause is remanded, it returns to the trial court as if it had never been decided, save only for the "settled law" of the case.[18] The parties are relegated to their prejudgment status and are free to *re*-plead or *re*-press their claims as well as defenses. It is the settled-law-of-the-case doctrine that operates to bar relitigation of (a) issues in a case which are finally settled by an appellate opinion or of (b) those the aggrieved party failed to raise on appeal.[19] The doctrine embodies a call for judicial economy designed to prevent "rehashing" of issues in successive appeals.[20] In postremand summary process the settled law of the case operates upon all the facts revealed by the probative materials before the court at the time the law's settling took place.

¶ 14 *Smedsrud I clearly settled for this case* (a) *the claim's parameters* as a cause of action in negligence pressed in the *framework of premises liability,* (b) the *sufficiency of the basic facts* (then before the court) to support the claim and (c) the *triable* (fact-based) character of the *open-and-obvious condition* of the harm-dealing danger.[21]

¶ 15 The *adequacy of notice* (to Owner of the harm-dealing danger) was clearly answered in *Smedsrud I* by the appellate conclusion that on the open-and-obvious-hazard defense a fact question stood tendered for the *trier's determination.* Owner's proffer (in the postjudgment stage of the postremand proceeding) of a former employee's affidavit[22] **neither added to nor subtracted from** the continued viability of that *settled point of law.* Nor does Owner's eleventh-hour injection of alleged want of advance notice (of the hazard at *locus in quo*) amount to more than an unwarranted attack on the settled law's answer that the issue presents a factual dispute for the trier. Once the premises-liability theory came under appellate inquiry in *Smedsrud I* and there stood the test, it was no longer subject to nisi prius postremand out-of-hand rejection by involuntary substitution of an *unpressed liability* theory—that of construction defect.[23] *Whether Smedsrud confronted the risk of an open-and-obvious condition (known or knowable*

17. For this argument Owner cites *Abbott, supra* note 11, and *Gorton, supra* note 11.

18. *Seymour v. Swart,* 1985 OK 9, ¶¶ 8–9, 695 P.2d 509, 512–513; *Russell v. Bd. of County Comm'rs,* 1997 OK 80, ¶ 35, 952 P.2d 492, 504.

19. *Handy v. City of Lawton,* 1992 OK 111, ¶ 13, 835 P.2d 870, 873; *Jones v. Medlock,* 1948 OK 188, ¶ 7, 202 P.2d 212, 214; *Morrow Dev. Corp. v. American Bank & Trust Co.,* 1994 OK 26, n. 2, 875 P.2d 411, 413, n. 2; *Mobbs v. City of Lehigh,* 1982 OK 149, n. 5, 655 P.2d 547, 549, n. 5; *Panama Processes v. Cities Service Co.,* 1990 OK 66, n. 27, 796 P.2d 276, 283, n. 27.

20. *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195.

21. In other words, the **law settled for this case** by *Smedsrud I* is (a) the presence of all the critical elements required in a cause of action on premises liability and (b) the alleged open-and-obvious character of danger presented by the awning at *locus in quo* tenders an issue of fact.

22. *See supra* note 9.

23. The trial court **erred** in failing to recognize that the **settled law of the case** (a) *protected* Smedsrud's premises-liability claim against elimination and (b) *assured* him of the *claim's continued quality of submissibility* in postremand proceedings. This is so because neither Smedsrud nor Owner succeeded on remand in changing the basic facts on which *Smedsrud I* settled the law governing this premises-liability claim.

*to Owner) is by Smedsrud I's teaching a jury question to be determined by the trier.*[24]

## IV

## THE TRIAL COURT'S CONDUCT OF POSTREMAND PROCEEDINGS— BOTH UPON SUMMARY PROCESS AND ON THE NEW–TRIAL MOTION—WAS IN PATENT DISOBEDIENCE OF THE COURT'S MANDATE

### A.

### *The Postremand Summary Proceedings Are Inconsistent With the Court's Mandate*

■ ¶16 At the postremand stage, *i.e.*, *after* this court's mandate has been transmitted and spread of record, the trial court is duty-bound to comply with its terms by a careful consideration of the opinion on which it is based.[25] If the trial court should fail to do so, the mandate's enforcement may be sought from this court by an original proceeding for a writ of mandamus to compel scrupulous obedience at nisi prius.[26]

■ ¶17 While COCA's *Smedsrud I* pronouncement tracked solely the premises-liability claim,[27] the *postremand summary proceedings targeted largely, if not exclusively,* an enigmatic and tempting COCA footnote comment[28] by setting in motion a quest for decisional process utterly dehors Smedsrud's premises-liability theory. Those proceedings concentrated **solely** on Owner's sought-to-be-substituted theory of *construction-related defects,* which the plaintiff **did not choose to advance on remand in lieu of his own premises-liability framework.** Owner emerged victorious *when he succeeded in supplanting Smedsrud's legal predicate for the claim* and in substituting another theory—that of construction defect—on which he could prevail with his § 109 defense.[29] The summary disposition for the defendant was *in plain disobedience of the clear terms of the earlier mandate*[30] and contrary to the general principle that everyone—be it plaintiff, third-party plaintiff or counterclaimant—**is entitled to press a claim on one's chosen theories.**[31]

### B.

### *In Post–Remand Proceedings A Plaintiff Could Not Be Forced to Abandon His Law–Settled Theory*

■ ¶18 Owner cannot prevail here on a theory of liability not advanced by Smedsrud in the post-remand process. So long as a plaintiff (or third-party plaintiff or counterclaimant) maintains a legal basis for the claim not eliminated from the purview of postremand proceedings, *the adversary will not be allowed to reach for another theory to foist it upon an unwilling plaintiff (or third-party plaintiff or counterclaimant).*[32]

24. The defense of an open-and-obvious defect *often* presents a question for the jury. *Brown v. Nicholson,* 1997 OK 32, ¶12, 935 P.2d 319, 323; *Jack Healey Linen Service Co. v. Travis,* 1967 OK 213, ¶9, 434 P.2d 924, 927–28; *Henryetta Construction Co. v. Harris,* 1965 OK 88, ¶11, 408 P.2d 522, 526.

25. The "mandate" is this court's postopinion order commanding the trial court to comply with the appellate pronouncement. *Berland's Inc. of Tulsa v. Northside Village Shopping Center, Inc.,* 1968 OK 136, ¶7, 447 P.2d 768, 769; *Gilliland v. Bilby,* 1916 OK 340, ¶¶4–5, 156 P. 299, 300, 53 Okl. 309.

26. *Chronic Pain Associates, Inc. v. Bubenik,* 1994 OK 127, ¶12, 885 P.2d 1358, 1362; *Parks v. Hughes,* 1957 OK 132, ¶17, 312 P.2d 435, 437–38; *Harris v. Chambers,* 1926 OK 566, ¶¶4–6, 247 P. 695, 696, 121 Okl. 75.

27. *See* Part I, ¶6, *supra.*

28. *See* Part I, ¶7, *supra.*

29. The trial court **disobeyed the mandate when it was distracted by Owner's diversionary strategy choices** from submitting the case to the jury on the premises-liability claim.

30. For the terms of the settled law, see Part III, *supra.*

31. *See* Part IV(B), *infra.*

32. The pleader of a claim may invoke and advance all affordable theories in a single trial. 12 O.S.2001 § 2008(E)(2); *Howell v. James,* 1991 OK 47, ¶¶6–14, 818 P.2d 444, 446–448. With Oklahoma's adoption of the federal notice-pleading regime, no plaintiff (or third-party plaintiff or counterclaimant) may be·compelled to make a choice among multiple theories pressed in prosecuting a single claim. *See American Intern. Ad-*

If there is proof to support multiple theories, **all** must be submitted under proper instructions.[33] Not until all proof has been adduced may the trial court eliminate from submission theories unsupported by evidence. Here, the choice was made for the plaintiff **before** (a) any proof was adduced and (b) **while** the case was still under consideration in *summary process* on *remand for proceedings to be consistent with COCA's Smedsrud I pronouncement (and with this court's mandate )*.

¶ 19 To change a plaintiff's law-settled liability theory on remand, there must be a record showing of the plaintiff's postremand abandonment or withdrawal of that theory, a postappeal reliance on facts totally inconsistent with the earlier-tendered legal predicate for the claim, or the earlier theory's elimination by settled law.[34]

¶ 20 On review of this record, we hold that Smedsrud did not on remand abandon the premises-liability theory that stood protected against nisi prius elimination by the earlier law-settling pronouncement. There are here neither postremand pleadings nor other paper-trail indicia demonstrating any change from the plaintiff's continued reliance upon his chosen theory. It is clear that his *postremand position* (gleaned from his *response* to Owner's postappeal motion for summary relief and from *his postremand motion for new trial* ) *rests solely on premises-liability theory*.

## C.

### The § 109 Statute of Repose[35] Does Not Govern This Common–Law Action Pressed Solely On Premises–Liability Theory

¶ 21 We need not decide today whether § 109 might have been injected into this case had there been no settled law by an earlier appeal. *It suffices to say the cited statute does not govern this common-law action timely commenced on the theory of premises liability.[36] The settled law assures Smedsrud of postremand access to the jury upon his earlier-chosen and consistently pursued theory.* The first-instance court, based on the proof to be adduced after remand, will have an opportunity to *retest* the sufficiency of Smedsrud's proof—this time based on forensic evidence rather than on probative substitutes—for submission to

---

justment Co. v. Galvin, 86 F.3d 1455, 1460 (7th Cir.1996) (Fed.R.Civ.P.8(e)(2) abolished the doctrine of election of remedies in federal courts).

**33.** A plaintiff who states a claim and proves its facts is entitled to any relief affordable by law. *Howell, supra* note 32 at ¶ 11, at 446–48; *Chandler v. Denton*, 1987 OK 38, ¶ 11 n. 13, 741 P.2d 855, 862 n. 13. At the submission stage, the court must charge the jury on all the theories of recovery the evidence may support. *Great Plains Federal Sav. and Loan Ass'n v. Dabney*, 1993 OK 4, ¶ 3, 846 P.2d 1088, 1096 (Opala, J., concurring).

**34.** A judgment must determine all issues raised by the pleadings except those which are waived, abandoned at trial or eliminated by pretrial order. *Eason Oil Co. v. Howard Engineering, Inc.*, 1988 OK 57, ¶ 1 n. 1, 755 P.2d 669, 670 n. 1.

**35.** For the definition of a statute of repose see *Reynolds v. Porter*, 1988 OK 88, ¶¶ 6–7, 760 P.2d 816, 819–20; *Smith v. Westinghouse Elec. Corp.*, 1987 OK 3, ¶ 6, n. 11, 732 P.2d 466, 468–69. A statute of repose, which restricts potential liability by limiting the time during which a cause of action can arise, targets the *discovery rule*. The latter allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of its injury. *Reynolds, supra*, at ¶ 6, n. 8, at 820. The discovery rule *does not apply to the facts of this premises-liability claim. It is hence outside the issues here.*

**36.** In *Abbott, supra* note 11, at ¶ 4, at 1248, the court held that the **plaintiff's claim was "based on common-law negligence** for failure to warn an invitee of a hidden danger, not liability, statutory or otherwise, based on design and construction defects" **and was hence not barred by the § 109 statute of repose.** *Id.* at ¶ 4 at 1248 (emphasis added). The court also (1) *noted* that the plaintiff's certiorari petition had clearly rejected a construction-defect theory for the claim and (2) *distinguished Abbott* from *Gorton, supra* note 11, where § 109 barred the plaintiff's claim predicated on a defectively-designed-and-constructed bridge. In *Gorton* the plaintiff had also advanced a *negligent-maintenance theory* for the purpose of establishing a building-code violation. This, the court held, demonstrated that the claim was based, not on premises liability, but on a construction-and-design defect. *Smedsrud, like the plaintiff in Abbott, has firmly and consistently rejected (in all postremand proceedings) any notion that his claim may also be pressed on a construction-and-design defect.*

the jury of his pressed premises-liability claim. If this timely-brought claim is found submissible, the 10–year statute of repose will not avail as a bar. We, of course, refrain from speculating on what the evidence will show at trial.

## D.

### Postjudgment Proceedings On Smedsrud's Motion For New Trial Cured The Trial Court's Error In Totally Failing To Consider Smedsrud's Premises–Liability Theory At The Postremand Summary–Process Stage

¶ 22 After certiorari was granted this court directed the parties to show cause why the appeal should not be dismissed for want of jurisdiction. This had to be done because it appeared that the trial judge rested the *post-Smedsrud I summary judgment solely* on the § 109 time bar, *leaving utterly unresolved the premises-liability issue.*[37] It was not until the parties' show-cause briefs were filed that it became clearly apparent the *premises-liability theory* was in fact *injected into the case in postjudgment stages* and then seemingly *resolved against Smedsrud* in the course of postjudgment rulings upon his new-trial motion. In those postjudgment proceedings, Owner's response to the motion *challenged for the first time on remand* Smedsrud's legal basis for his premises-liability claim by injecting Owner's want of notice (of the harm-dealing condition on the premises).[38] The *trial court's denial* of Smedsrud's new-trial motion leaves for us a clear record-trail indication that both the motion and Owner's argument were indeed reached for consideration. By its denial the trial court had in fact *ruled out* as unsupportive of Smedsrud's claim *both theories of liability*—that *advanced* by the plaintiff and that *pressed* for him by Owner—*and left no unresolved issues.* Albeit at a post-judgment stage, the trial judge did consider Owner's challenge to premises liability before denying Smedsrud's new-trial quest. The appeal hence comes here from a "judgment"[39] rather than from an intermediate order. It is hence invulnerable to dismissal as falling short of disposing of all tendered prejudgment issues.[40]

## V

### THE POSTJUDGMENT CHALLENGE TO PREMISES LIABILITY BY OWNER'S INFUSION OF THE NOTICE ISSUE

¶ 23 Owner pressed upon the court (in postjudgment proceedings on Smedsrud's new-trial motion) that Smedsrud's claim must fail, insofar as it was sought to be rested on premises liability, because of *Owner's lack of notice* (of the alleged danger at *locus in quo*). *This new legal issue, sought to be injected on remand at the eleventh hour, stood clearly eliminated by*

---

37. **Before summary judgment may be given, the trial court is "not only authorized but [indeed] required to rule out all theories of liability fairly comprised within the evidentiary materials before [it]."** *Hadnot v. Shaw,* 1992 OK 21, ¶ 25, 826 P.2d 978, 987; *Silver v. Slusher,* 1988 OK 53, ¶¶ 6–7, 770 P.2d 878, 881–82 (the court eliminated several theories of recovery, holding only one applicable to the case); *Akin v. Missouri Pacific R. Co.,* 1998 OK 102, ¶ 9, 977 P.2d 1040, 1044 (to prevail as movant for summary relief, one who defends against a claim by another must either (a) *establish* that there is no genuine issue of fact as to at least one essential component of the plaintiff's theory (or theories) of recovery or (b) *prove* each essential element of an affirmative liability-defeating defense by showing in either case that, as a matter of law, the plaintiff has no viable cause of action). An order that summarily eliminates but a single theory of liability out of at least two known (or possible) theories advanced does not rise to the status of a judgment in the 12 O.S.2001 § 681 sense. It is nothing more than an intermediate order. *See* 12 O.S.2001 § 952; *City of Lawton v. International Union of Police Associations,* 2002 OK 1, ¶ 5, 41 P.3d 371, 374; *King v. Finnell,* 1979 OK 155, ¶¶ 11–12, 603 P.2d 754, 756 (in a mortgage foreclosure action the order tendered for review fell short of a judgment because only one of several issues in the claim had been resolved). *See also Eckels v. Traverse,* 1961 OK 138, ¶ 4, 362 P.2d 680, 682, where the court *excused the trial court's failure to dispose of a liability theory that was plainly time-barred.*

38. *See* Part I, ¶ 9, *supra.*

39. 12 O.S.2001 § 681.

40. *Federal Deposit Ins. Corp. v. Tidwell,* 1991 OK 119, ¶¶ 6–7, 820 P.2d 1338, 1341; *King, supra* note 37, at ¶¶ 11–12, at 756.

*the settled law of Smedsrud I.* This is so because:

¶ 24 (1) The sufficiency of Owner's advance notice stands settled by *Smedsrud I* as a fact issue.[41]

¶ 25 (2) The probative material relied on in *Smedsrud I* to *show* (a) the *open-and-obvious character of the defect* in the premises also *demonstrates* (b) *Owner's constructive knowledge* of the hazard.[42] *Smedsrud I settles* the law upon both issues. It declares that these two issues *present disputed facts to be determined by the trier.* Nothing on this postremand record changes the legal characteristics of the earlier settlement in *Smedsrud I.*

¶ 26 (3) The postremand notice-of-danger controversy does not tender in law a new fact to be proved. The permanent nature of the harm-dealing condition was already among the record facts.[43]

¶ 27 (4) Lastly, Smedsrud's position that Owner was *negligent* (a) in *maintaining* the premises and (b) in *explicitly directing* his customers to walk down a dangerous path to reach his place of business *does not require proof of actual or constructive notice.* It suffices to say the acts relied on stem from Owner's own direction.[44]

¶ 28 Owner made no effort to show (in postremand proceedings) that the same basic and undisputed facts tendered to the appellate court for its earlier settlement in *Smedsrud I* were no longer operative. Because nothing dealt with in postremand process operates to affect or alter those basic facts (that underlie the law declared in *Smedsrud I*), the earlier appeal's settlement of the law upon those facts continues to bind the adversaries.

## VI

## SUMMARY

¶ 29 *The law settled in the first appeal* entitled Smedsrud to press his premises-liability claim on all the facts revealed by the probative materials before the court at the remand stage. Nothing in the postremand proceedings indicates the plaintiff abandoned this theory or that he now relies on some other legal predicate of liability. In the postremand summary process neither the trial court nor the defendant could force upon the plaintiff a theory of recovery different from, and inconsistent with, that which stands protected to him against nisi prius elimination by the settled law of his claim.

¶ 30 On certiorari granted upon the plaintiff's petition, the Court of Civil Appeals'

41. *See* Part III, *supra.*

42. The open-and-obvious defect defense presupposes that quantum of advance notice to the owner/occupier which is generally shared in common with the public. In *Williams v. J.J. Butler, Inc.,* 253 Ga.App. 116, 558 S.E.2d 449, 451 (2001), the court held that if a permanent, patent, dangerous condition exists on the premises, the owner/occupier is deemed to have *constructive knowledge of the hazardous condition through the passage of time.* Constructive knowledge can be established by circumstantial evidence showing that the condition existed for such a length of time that the defendant should have known of its presence. *Wal-Mart Stores, Inc. v. Reggie,* 714 So.2d 601, 603 (Fla.App. 1998); *Silver Springs Moose Lodge No. 1199 v. Orman,* 631 So.2d 1119, 1121 (Fla.App.1994). *See also Lingerfelt v. Winn-Dixie Texas, Inc.,* 1982 OK 44, ¶ 28, 645 P.2d 485, 489, where *this court dispensed with the notice requirement* because there was evidence connecting to an occupier's agent the presence of a harm-dealing piece of slippery fruit that fell off a negligently stacked display in a grocery store.

43. COCA noted in *Smedsrud I* that the awning may have been constructed in 1982 and remained unchanged until after the time of the incident. COCA's observation was based on Owner's affidavit, tendered in *Smedsrud I* (and later in *II*), which described the permanent condition of the awning.

44. *See Lingerfelt, supra* note 42, and *Ingram v. Wal-Mart Stores, Inc.,* 1997 OK 11, 932 P.2d 1128. In *Lingerfelt* the court held that when an invitor creates a foreseeable, unreasonable risk, whether by an employee's direct act or by invitor's own indirect carelessness or negligence, the invitor is liable for the consequences that follow and the customer *need not prove notice* of the specific condition. In *Ingram,* notice was deemed immaterial to the customer's claim of negligent maintenance where the owner offered nothing to show that it did not know of the dangerous condition. In both *Lingerfelt* and *Ingram,* the court held there was a disputed fact issue whether the store owner failed in its duty safely to maintain the premises.

opinion is vacated, the trial court's summary judgment is reversed and the cause is remanded for further proceedings to be conducted on a theory consistent with today's pronouncement.

¶31 HODGES, KAUGER, SUMMERS and BOUDREAU, JJ., concur;

¶32 HARGRAVE, C.J., WATT, V.C.J., LAVENDER and WINCHESTER, JJ., dissent.

