OSCN Found Document:FOX v. MIZE

 

 
 

 
 FOX v. MIZE
2018 OK 75
Case Number: 116489
Decided: 09/18/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 75, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

DONNA FOX, as Personal Representative of Ronald J. Fox, Deceased, Plaintiff/Respondent,
v.
JAMES R. MIZE and VAN EATON READY MIX, INC., Defendants/Petitioners,
and
FEDERATED MUTUAL INSURANCE COMPANY, Defendant.

CERTIORARI TO THE DISTRICT COURT OF CLEVELAND COUNTY, STATE OF OKLAHOMA, HONORABLE THAD BALKMAN

Â¶0 On July 29, 2015, a motor vehicle accident occurred between Ronald J. Fox and James R. Mize. Mr. Fox, who was riding a motorcycle at the time of the collision, was pronounced dead at the scene from a head injury. Mr. Mize was driving a tractor-trailer for his employer, Van Eaton Ready Mix, at the time of the collision. The Plaintiff, the personal representative of Mr. Fox's estate, brought suit in the District Court of Cleveland County against Mr. Mize for negligence and negligence per se and sued Van Eaton for negligence and negligence per se under the theory of respondeat superior. Plaintiff also asserted direct negligence claims against Van Eaton for negligent hiring, training, and retention, and negligent entrustment. Van Eaton stipulated that Mr. Mize was acting in the course and scope of his employment at the time of the collision and sought dismissal of the Plaintiff's direct negligence claims, arguing that negligent hiring and negligent entrustment were unnecessary, superfluous, and contrary to public policy because Van Eaton had already admitted to being Mize's employer for purposes of vicarious liability. The district court dismissed the negligent hiring claim but allowed the negligent entrustment claim to proceed. Van Eaton requested certification of the district court's decision under 12 O.S. 2011 Â§ 952(b)(3), which was granted. Van Eaton next filed a petition with this Court seeking review of the certified interlocutory order. We accepted certiorari.

Upon consideration, we conclude that an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine. An employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.

AFFIRMED

Bart Jay Robey, Chubbuck Duncan & Robey, P.C., Oklahoma City, OK, for Defendants/Petitioners

Clyde A. Muchmore, Crowe & Dunlevy, Oklahoma City, OK, for Defendants/Petitioners

Monty L. Cain, Cain Law Office, Oklahoma City, OK, for Plaintiff/Respondent

Michael M. Blue, Blue Law, Oklahoma City, Oklahoma, for Plaintiff/Respondent

Michael F. Smith, Allison Verret, McAfee & Taft, Tulsa, OK, for Amicus Curiae The State Chamber of Oklahoma

GURICH, V.C.J.,

Facts & Procedural History

Â¶1 This cause arises from a motor vehicle accident between Ronald J. Fox and James R. Mize that occurred on July 29, 2015, near Sunnylane Road and Indian Hills Road in Norman, Oklahoma. Mr. Mize was traveling northbound on Sunnylane Road in a tractor-trailer owned by his employer, Van Eaton Ready Mix, Inc., when he made a left turn onto Van Eaton's property. According to the traffic collision report, Mr. Mize made an improper turn in front of oncoming traffic. Mr. Fox, who was travelling southbound on Sunnylane Road on a motorcycle, collided with Mr. Mize's tractor-trailer and was declared dead at the scene from a head injury. The report provided that Mr. Fox made no improper driving action and that neither driver appeared to be speeding at the time of the collision. Mr. Mize held a Class "A" commercial driver's license subject to the Federal Motor Carrier Safety Regulations (FMCSR), and Van Eaton stipulated that Mr. Mize was acting in the course and scope of employment at the time of the collision. Mr. Mize was taken from the scene to Norman Regional for a blood test, which showed he was under the influence of a prescription narcotic banned by the FMCSR at the time of the accident.

Â¶2 Plaintiff, Donna Fox, filed this lawsuit as the personal representative of Ronald J. Fox's estate and brought claims against Mr. Mize for negligence and negligence per se. Plaintiff brought the same claims against Van Eaton under the theory of respondeat superior. Plaintiff also included direct negligence claims against Van Eaton for negligent hiring, training, and retention, and negligent entrustment.[1] Plaintiff contends Van Eaton had a duty to prohibit Mr. Mize from operating its commercial motor vehicle while under the banned narcotic and that Van Eaton knew or should have known Mr. Mize was taking the narcotic. Plaintiff alleges Van Eaton knew Mr. Mize was taking the substance because it was prescribed to Mr. Mize as a result of an on-the-job injury he suffered for which he filed a workers' compensation claim against Van Eaton.

Â¶3 Van Eaton filed a partial motion to dismiss, arguing the direct claims of negligent hiring and negligent entrustment were unnecessary, superfluous, and contrary to public policy because Van Eaton had already admitted to being Mize's employer for purposes of vicarious liability. The district court denied Van Eaton's motion as to the negligent entrustment claim and granted Van Eaton's motion as to the negligent hiring claim. Van Eaton filed a motion to reconsider, which was denied by the district court. Plaintiff amended her Petition to conform to the district court's partial dismissal so that the remaining claims included her negligence and negligence per se claims against Mr. Mize, the respondeat superior claim against Van Eaton, and the direct claim against Van Eaton for negligent entrustment. Thereafter, Van Eaton filed an application to certify the district court's order for immediate interlocutory appeal. The district court granted the application for immediate interlocutory appeal pursuant to 12 O.S. 2011 Â§ 952(b)(3). Van Eaton timely filed a Petition for Certiorari to this Court.

Â¶4 On December 4, 2017, we granted certiorari review in this case to address a recurring issue in the state and federal district courts across the state; that is, whether an employer's stipulation that an employee was acting in the course and scope of employment at the time of a collision bars a plaintiff's negligent entrustment claim against the employer. State district courts have reached inconsistent results,[2] and the federal district courts of this state are likewise split on the issue.[3] For the reasons set forth below, we conclude that an employer's stipulation that an employee was acting in the course and scope of employment at the time of a collision does not, as a matter of law, bar a plaintiff's negligent entrustment claim against the employer.

Standard of Review

Â¶5 A motion to reconsider does not technically exist as part of Oklahoma's statutory scheme of pleading. Smith v. City of Stillwater, 2014 OK 42, Â¶ 10, 328 P.3d 1192, 1196. If timely filed, however, a motion to reconsider may be regarded as one for new trial under 12 O.S. 2011 Â§ 651 (if filed within ten (10) days of the filing of the judgment, decree, or appealable order), or it may be treated as a motion to modify or to vacate a final order or judgment under the terms of 12 O.S. 2011 Â§Â§ 1031 and 1031.1 (if filed after ten (10) days but within thirty (30) days of the filing of the judgment, decree, or appealable order). Smith, 2014 OK 42, Â¶ 10, 328 P.3d at 1196

Â¶6 The standard of review for both denial of a motion for a new trial and denial of a motion to modify or to vacate a final order or judgment is abuse of discretion. Capshaw v. Gulf Ins. Co., 2005 OK 5, Â¶ 7, 107 P.3d 595, 600. A trial court abuses its discretion when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. Childers v. Childers, 2016 OK 95, Â¶ 28, 382 P.3d 1020, 1027. However, "if the propriety of the trial court's denial of the 'motion for reconsideration' rests on the underlying correctness of its decision to dismiss," then the abuse of discretion question is settled by our de novo review. Smith, 2014 OK 42, Â¶ 11, 328 P.3d at 1197. "De novo review involves a plenary, independent, and non-deferential examination of the trial court's legal rulings." Sheffer v. Buffalo Run Casino, PTE, Inc., 2013 OK 77, Â¶ 3, 315 P.3d 359, 361.

Analysis

Â¶7 The purpose of a motion to dismiss "is to test the law that governs the claim, not the underlying facts." Cates v. Integris Health, Inc., 2018 OK 9, Â¶ 7, 412 P.3d 98, 102. Van Eaton argues that, as a matter of law, any theory of direct liability against an employer, including negligent entrustment, must be dismissed when the employer stipulates that an employee was in the course and scope of employment at the time of the accident. According to Van Eaton, Mize's negligent entrustment claim was "legally barred as soon as vicarious responsibility was established."[4] We disagree.

Â¶8 Oklahoma law has long recognized separate causes of action for respondeat superior and negligent entrustment.[5] A respondeat superior cause of action is grounded in vicarious liability, which "is imposed by law when one person is made answerable for the actionable conduct of another."[6] More specifically, respondeat superior holds the master liable for injury proximately resulting from the negligent act of a servant done while in the course and scope of the servant's employment with the master. Mid-Continent Pipeline Co. v. Crauthers, 1954 OK 61, Â¶ 19, 267 P.2d 568, 571. Under a respondeat superior cause of action, "the servant's liability is an indispensable requisite for the master's liability." Hatcher v. Traczyk, 2004 OK CIV APP 77, Â¶ 8, 99 P.3d 707, 710.

Â¶9 In contrast, a negligent entrustment cause of action is based on direct liability, or "nonvicarious" liability, as this Court has phrased it. Dayton Hudson Corp. v. Am. Mut. Liab. Ins. Co., 1980 OK 193, Â¶ 15, 621 P.2d 1155, 1161. Negligent entrustment requires proof that "an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others." Pierce v. Okla. Prop. & Cas. Ins. Co., 1995 OK 78, Â¶ 17, 901 P.2d 819, 823. Negligent entrustment of a vehicle does not require proof of "agency or [an] employment relationship between the owner and the person entrusted to drive the vehicle."[7] "Liability for negligent entrustment arises from the act of entrustment, not the relationship of the parties." Sheffer, 2013 OK 48, Â¶ 17, 306 P.3d at 550. The Restatement (Second) of Agency Â§ 213 provides:

A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

(a) in giving improper or ambiguous orders of [sic] in failing to make proper regulations; or

(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:

(c) in the supervision of the activity; or

(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.[8]

Particularly relevant to the case before us, comment h to Â§ 213 provides:

h. Concurrent negligence of master and servant. In addition to liability under the rule stated in this Section, a master may also be subject to liability if the act occurs within the scope of employment. See Â§Â§ 219-267. In a given case the employer may be liable both on the ground that he was personally negligent and on the ground that the conduct was within the scope of employment. In such cases, the fact that the employer was personally negligent may be important, however, in jurisdictions in which punitive damages are awarded. See Â§ 217C. Likewise an employer may be subject to a penalty. See Â§ 217D. Furthermore, in actions in which both the employer and the employee are joined because of conduct of the employee, a verdict finding the employee not liable and the employer liable may be supported if there is evidence of personal negligence on the part of the employer. See Â§ 217B.[9]

Â¶10 Van Eaton makes several arguments in support of its position that as a matter of law, any theory of direct liability against an employer, including negligent entrustment, must be dismissed when the employer stipulates that an employee was in the course and scope of employment at the time of the accident. First, Van Eaton argues that if both a respondeat superior and a negligent entrustment claim are allowed to proceed simultaneously, the employee driver will be prejudiced if evidence of his prior bad acts is allowed to be heard by the jury. In McCarley v. Durham, 1954 OK 35, 266 P.2d 629, this Court found it was not error to admit evidence of a pre-accident record to prove knowledge in a negligent entrustment action, even though the evidence might have been inadmissible against the driver to prove negligence in causing the accident. See also Green v. Harris, 2003 OK 55, Â¶ 18, 70 P.3d 866, 870. The trial courts of this state regularly determine when relevant evidence is inadmissible because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." 12 O.S. 2011 Â§ 2403. Parties to a case may also request, and the trial court can give, a limiting instruction explaining what a jury may or may not infer from a particular piece of evidence. See, e.g., Tansy v. Dacomed Corp., 1994 OK 146, n.7, 890 P.2d 881, 890. The case before us has yet to be tried to a jury. Van Eaton's argument in this regard is an evidentiary issue to be dealt with in the first instance by the trial court if and when the case goes to trial; it does not require dismissal of the negligent entrustment claim as a matter of law.

Â¶11 In that same vein, Van Eaton also argues that because punitive damages could be awarded for the respondeat superior claim, the Plaintiff cannot assert an additional punitive damages claim against Van Eaton for her negligent entrustment claim. Again, as this Court has noted, "[w]hen recovery against the employer for an act of his servant is rested on prior knowledge of the servant's propensity to commit the very harm for which damages are sought, the basis of liability invoked is not respondeat superior but rather the employer's own negligence in not discharging the unfit servant." Dayton, 1980 OK 193, Â¶ 17, 621 P.2d at 1161. Whether the employer's prior knowledge rises to the level of gross negligence is a fact issue to be determined in the course of the litigation. Id. In contrast, punitive or exemplary damages may be assessed against an employer under the doctrine of respondeat superior if an employee's conduct "would serve to justify an exemplary damages award against the employee as an individual tortfeasor." Thiry v. Armstrong World Inds., 1983 OK 28, Â¶ 9, 661 P.2d 515, 520; see also Bierman v. Aramark Refreshment Servs., Inc., 1997 OK 9, 935 P.2d 289. Thus, an employer's exposure to punitive damages "could differ significantly based on whether the focus of the punitive damages inquiry was the wrongful [or] negligent conduct of the agent or the negligent conduct of the employer." Chamberlain v. Thomas, No. 5:11-cv-01430-HE, 2012 WL 4355908, at *1 (Sept. 24, 2012). In addition, "that focus might well impact . . . the question of what evidence is admissible to establish the basis for punitive damages." Id.

Â¶12 The Plaintiff may "invoke and advance all affordable theories in a single trial." Smedsrud v. Powell, 2002 OK 87, n.32, 61 P.3d 891, 897; see also 12 O.S. 2011 Â§ 2008(e)(2) (allowing a litigant "not only to plead inconsistently, but also be allowed to rely on inconsistent theories or defenses throughout trial" (emphasis added)). "Not until all proof has been adduced may the trial court eliminate from submission theories unsupported by evidence." Powell, 2002 OK 87, Â¶ 18, 61 P.3d at 898. "If there is proof to support multiple theories, all must be submitted under proper instructions." Id. While our law is clear that "inconsistent judgments or double recovery may not be permissible, [a] party is not prevented from fully litigating the inconsistent theories or defenses at trial."[10] Again, trial courts across the state regularly instruct juries that "no double recovery is allowed for the same injury."[11] Therefore, we conclude that Van Eaton's argument in this regard is also an evidentiary issue to be dealt with in the first instance by the trial court and does not require dismissal of the negligent entrustment claim as a matter of law.

Â¶13 Finally, Van Eaton argues that this Court's decision in Jordan v. Cates, 1997 OK 9, 935 P.2d 289, requires dismissal of the negligent entrustment claim. In Jordan, a customer went into a convenience store, and an altercation ensued between the customer and an employee of the store. The customer sued the employee for battery and alleged that the convenience store was vicariously liable for the acts of its employee under the doctrine of respondeat superior. The customer also alleged the convenience store was negligent in hiring and retaining the employee because the store knew or should have known the employee had violent tendencies. The store stipulated the altercation occurred while its employee was acting in the course and scope of employment, and we said that "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of the altercation and punitive damages are available against it under a theory of respondeat superior, an additional claim for negligent hiring exposes the employer to no additional liability." Id., Â¶ 21, 935 P.2d at 294.

Â¶14 The facts in Jordan are distinguishable from the case at bar because Jordan involved a battery claim against the employee and a negligent hiring claim against the employer. Because the Plaintiff in this case did not appeal the district court's dismissal of the negligent hiring claim, we need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim.[12] Upon consideration, we conclude that an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine. An employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.

Â¶15 At the motion to dismiss stage, a court must "take all factual allegations in the petition as true and draw all reasonable inferences therefrom." Cates, 2018 OK 9, Â¶ 7, 412 P.3d at 101. "If relief is possible under any set of facts that can be gleaned from the petition, the motion to dismiss should be denied." Id., Â¶ 7, 412 P.3d at 101. Because Plaintiff Donna Fox alleged sufficient facts, which if taken as true, might entitle her to relief on her negligent entrustment claim, we conclude the trial court correctly denied Van Eaton's motion to dismiss with regard to the negligent entrustment claim.

Conclusion

Â¶16 Employers employing unfit and unqualified drivers cannot insulate themselves from a negligent entrustment claim simply by stipulating that the employee driver was acting in the course and scope of employment. The Plaintiff has the right to determine the facts she will allege and the claims she will pursue.[13] Van Eaton does not get to make that choice for her by stipulating that its employee was in the course and scope of employment at the time of the accident. The trial court's denial of Van Eaton's motion to dismiss the negligent entrustment claim is affirmed, and the case is remanded to the trial court for further proceedings consistent with today's pronouncement.

AFFIRMED

Â¶17 ALL JUSTICES CONCUR.

FOOTNOTES

[1] Plaintiff Donna Fox originally included claims against Defendant Federated Mutual Insurance Company. Plaintiff dismissed all claims against Federated Mutual Insurance Company without prejudice on June 23, 2017.

[2] In the last three years, we have intervened in several state court actions, issuing supervisory writs to allow the respective plaintiffs to proceed with negligent entrustment claims against the respective defendant employers even though the defendant employers admitted course and scope of employment. See Ferguson v. Hon. Mary Fitzgerald, Case No. 116,407 (Nov. 13, 2017); Le v. Hon. Paul Hesse, Case No. 116,243 (Sept. 19, 2017); Brantley v. Hon. Thomas Prince, Case No. 115,434 (Dec. 5, 2016); Serv. Experts, Inc. v. Hon. Lori Walkley, Case No. 113,452 (Jan. 20, 2015).

[3] For federal district court cases allowing a negligent entrustment claim to proceed despite an employer's stipulation of course and scope, see Warner v. Miller, No. 5:16-cv-00305-HE (W.D. Okla. Feb. 10, 2017); Snyder v. Moore, No. 5:15-cv-00865-HE (W.D. Okla. Mar. 16, 2017); Hunter v. N.Y. Marine & Gen. Ins. Co., No. 5:16-cv-01113-W (W.D. Okla. Jan. 18, 2017); Anaya v. Hutto & Jerry McClure Trucking, Inc., No. 5:16-cv-01030-HE (W.D. Okla. Dec. 5, 2016); Kennedy v. FedEx Freight E., Inc., No. 4:07-cv-00353-TCK-SAJ, 2008 WL 8947790, at *8 (N.D. Okla. Dec. 4, 2008).

For federal district court cases allowing negligent hiring, training, and retention claims to proceed despite an employer's stipulation of course and scope, see Kennedy v. FedEx Freight E., Inc., No. 4:07-cv-353-TCK-SAJ, 2008 WL 8947790, at *8 (N.D. Okla. Dec. 4, 2008); Epperson v. Braum's Inc., No. 5:06-cv-00456-L (W.D. Okla. Oct. 16, 2006); Ramiro v. J.B. Hunt Transp. Servs. Inc., 5:04-cv-01033-M (W.D. Okla. Apr. 8, 2005).

For federal district court cases precluding claims for negligent entrustment, hiring, retention, and training upon an employer's stipulation of course and scope, see Ferrell v. BGF Global, LLC, No. 5:15-cv-00404-D, 2017 WL 4898843 (W.D. Okla. Oct. 30, 2017); Davis-Pashica v. Two Buds Trucking, LLC, No. 4:16-cv-257-GKF-FHM, 2017 WL 2713332, at *2-3 (N.D. Okla. Jan. 5, 2017); Horton v. Nat'l Union Fire Ins. Co., No. 6:15-cv-00226-RAW, 2015 WL 7575909 (E.D. Okla. Nov. 25, 2015); Barnes v. W. Exp., Inc., No. 5:14-cv-00574-R, 2015 WL 2131353, at *3 (W.D. Okla. May 7, 2015); Guerrero v. Meadows, No. 5:14-cv-00537-F, 2014 WL 10962065, at *3 (W.D.Okla. Oct. 15, 2014); Fisher v. Nat'l Progressive, Inc., No. 5:12-cv-00853-C, 2014 WL 7399185, at *2 (W.D.Okla. Dec. 29, 2014); Avery v. Roadrunner Transp. Servs., Inc., No. 5:11-cv-01203-D, 2012 WL 6016899, at *2-3 (W.D. Okla. Dec. 3, 2012).

[4] Petrs' Brief in Chief at 18.

[5] See, e.g., Nat'l Trailer Convoy v. Saul, 1962 OK 181, 375 P.2d 922 (finding that neither respondeat superior nor negligent entrustment was "inconsistent with the other; and the jury could have consistently determined that [employer] was liable on either one of those theories, or on both--as they evidently did").

[6] Braden v. Hendricks, 1985 OK 14, Â¶ 18, n.24, 695 P.2d 1343, 1351.

[7] Blagg v. Line, No. 4:09-cv-00703-CVE-FHM et al., 2012 WL 263034 at *4 (N.D. Okla. Jan. 30, 2012).

[8] Restatement (Second) of Agency Â§ 213. Although this Court has not formally adopted the Restatement, we have cited Â§ 213 with approval on several occasions. Schovanec v. Archdiocese of Okla. City, 2008 OK 70, Â¶ 35, 188 P.3d 158, 169--70; Mistletoe Exp. Serv., Inc. v. Culp, 1959 OK 250, Â¶ 30, 353 P.2d 9, 16. Comment d to Â§ 213 provides in relevant part:

Liability results under the rule stated in this Section, not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment. The employer is subject to liability only for such harm as is within the risk. If, therefore, the risk exists because of the quality of the employee, there is liability only to the extent that the harm is caused by the quality of the employee which the employer had reason to suppose would be likely to cause harm.

Restatement (Second) of Agency Â§ 213 cmt. d (emphasis added).

Van Eaton cites to the Restatement (Second) of Torts Â§ 317, which provides in part that "[a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if" the servant "is using a chattel of the master," and the master "knows or has reason to know that he has the ability to control his servant," and "knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts Â§ 317.

However, the first comment to Â§ 317 specifically states that "[t]he rule stated in this Section is applicable only when the servant is acting outside the scope of his employment. If the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency." Id. (emphasis added).

[9] Restatement (Second) of Agency Â§ 213 (emphasis added). The illustration to comment h provides:

10. P employs A as his chauffeur. Thereafter, A periodically gets drunk, as P, in the exercise of reasonable care, should know. While using P's car on P's business, A gets drunk and runs into T with the car. P may be liable to T, aside from his liability as master.

Id.

[10] Howell v. James, 1991 OK 47, Â¶ 11, 818 P.2d 444, 447. In Howell, this Court discussed the viability of the election of remedies doctrine after the enactment of the Oklahoma Pleading Code in 1984. As it pertains to Van Eaton's argument, the Court in Howell, found that the Oklahoma version of Federal Rule 8(e)(2) was very similar "with one important exception." Id., Â¶ 11, 818 P.2d at 447. The Court found that the Oklahoma rule, Â§ 2008(e)(2), contained additional language that "clarifie[d] the intent of the legislature that a litigant be allowed not only to plead inconsistently, but also be allowed to rely on inconsistent theories or defenses throughout trial." Id.; see also Specialty Beverages v. Pabst Brewing Co., 537 F.3d 1165 (10th Cir. 2008) ("Oklahoma law is well settled on this point. While a party may not obtain double recovery, election of remedies is not required."). We also note that in Saul, 1962 OK 181, Â¶ 11, 375 P.2d at 929, we said that the theories of negligent entrustment and respondeat superior were "cumulative, conjunctive, and consistent, rather than repugnant or inconsistent."

[11] Houck v. Hold Oil Corp., 1993 OK 166, Â¶ 37, 867 P.2d 451, 461; see also Kraszewski v. Baptist Med. Ctr. of Okla., Inc., 1996 OK 141, n.2, 916 P.2d 241, 243 n.2 ("Double recoveries are not permitted under the law.").

[12] We recognize the tension in our case law in this regard. As one federal district court has stated: "It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring" because both "presumably rely on the employer's own acts or negligence." Warner, 5:16-cv-00305-HE (Feb. 10, 2017). However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that, for now, the holding in Jordan is limited to its facts.

[13] The plaintiff is the "'master of the complaint.'" Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)).