2004 OK CIV APP 77

**Kay HATCHER and Raymond Hatcher, Plaintiffs/Appellants,**

v.

**Richard J. TRACZYK, II, D.P.M., Defendant/Appellee.**

**No. 100,038.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 23, 2004.

Rehearing Denied May 14, 2004.

Certiorari Denied Sept. 13, 2004.

Gary L. Brooks, Ann Brooks, Oklahoma City, OK, for Plaintiffs/Appellants.

W. Michael Hill, Edward J. Main, Eddie L. Carr, Tulsa, OK, for Defendant/Appellee.

## OPINION

CARL B. JONES, Judge.

¶ 1 The issue in this appeal from summary judgment is whether the trial court correctly held the medical malpractice plaintiffs' release of the defendant doctor's employer for any vicarious liability for the doctor's conduct also served to release the doctor of liability for his own alleged negligence. We hold the trial court erred and reverse that portion of the summary judgment order which dismissed the plaintiffs' claim for negligence against the doctor.

¶ 2 On September 1, 1999, Defendant/Appellee, Richard J. Traczyk, II, D.P.M., performed surgery on the foot of Plaintiff/Appellant Kay Hatcher. Dr. Traczyk, an employee of Orthopedic Associates, Inc., was assisted by Cathy Saunders, a "scrub tech" employed by Orthopedic Associates Ambulatory Surgical Center. Respectively, both employees were acting within the scope and course of their employment. Near the end of surgery, Dr. Traczyk requested a syringe of Marcain, a local anesthetic, but was instead handed a syringe containing sodium hydroxide by Saunders. This case arises from the injuries Hatcher sustained as a result of being injected with sodium hydroxide.

¶ 3 Hatcher and her husband, Raymond (Plaintiffs), commenced the underlying action against Dr. Traczyk for medical malpractice. Plaintiffs also named as defendants Orthopedic Associates, Inc. and Orthopedic Associates Ambulatory Surgical Center, which Plaintiffs sought to hold vicariously liable for the conduct of, respectively, Dr. Traczyk and Cathy Saunders. Plaintiffs subsequently entered into a settlement agreement (Settlement) with the institutional defendants and

dismissed all claims against those defendants with prejudice. The Settlement specifically released those entities for any vicarious liability they would owe as the employers of Dr. Traczyk and Saunders. The Settlement also released Saunders from any liability. However, the Settlement specifically sought to exclude claims against Dr. Traczyk, both for his own conduct, as well as for any vicarious liability flowing from his supervisory position over Saunders.

¶ 4 Relying on the Settlement, Dr. Traczyk moved for summary judgment, arguing the release of his employer precluded any further action against him. The doctor also argued the release of Saunders necessarily released him from any vicarious liability for her acts. Plaintiffs conceded that the release of Saunders operated to release any vicarious liability of the doctor for the acts or omissions of Saunders. However, Plaintiffs urged the case against Dr. Traczyk for his individual negligence was governed by *12 O.S.2001 § 832* (H)(1). Because the settlement specifically excluded the doctor, Plaintiffs contended § 832(H)(1) preserved their negligence claim against him.

¶ 5 The trial court rejected Plaintiff's argument and granted Dr. Traczyk's summary judgment motion. Specifically, the court held: (1) § 832 is inapplicable to the facts of this case; and (2) pursuant to *Burke v. Webb Boats, Inc.*, 2001 OK 83, 37 P.3d 811, the release of the doctor's employer also served to release the doctor. From the trial court's judgment, Plaintiffs appeal. The matter stands submitted without appellate briefs on the trial court record. *See* Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S.2001, Ch. 15, App.

■ ¶ 6 Section 832 provides in relevant part:

H. When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any other tort-feasor from liability for the injury or wrongful death unless the other tort-feasor is specifically named....

In *Burke*, the Court held that a release of the operator of a boat upon which the plaintiff was injured also served as a release of the boat's lessee, even though the lessee was specifically excluded in the release. The Court reasoned that one vicariously liable in tort is not a "tort-feasor" within the meaning of § 832. *Burke* at ¶¶ 9–12, 37 P.3d at 814. Thus, the language of § 832(H)(1)—which states a release does not discharge other tortfeasors from liability—does not apply to a vicariously liable party. *Sisk v. J.B. Hunt Transp., Inc.*, 2003 OK 69, ¶ 5, 81 P.3d 55, 57 n. 9.

■ ¶ 7 The present case is clearly distinguishable from *Burke*. Here, Plaintiffs' claim against Dr. Traczyk is premised on the doctor's alleged individual negligence. Their claim is not based upon the doctor's vicarious liability, either for the conduct of the "scrub tech" (which Plaintiffs conceded was released by the Settlement) or for that of the doctor's employer. The doctor is the alleged "tort-feasor." Orthopedic Associates, Inc., which is the party putatively vicariously liable for the doctor's acts or omissions, is "liable in tort" within the meaning of § 832(H). *Burke* at ¶ 9, 37 P.3d at 814. Thus, pursuant to § 832(H)(1), Plaintiffs' Settlement with Orthopedic Associates, Inc. (a party "liable in tort") did not discharge Dr. Traczyk (the "tort-feasor") from liability for the doctor's acts or omissions.

■ ¶ 8 As the Supreme Court has noted on at least two occasions, § 832 did not alter the common law doctrine of respondeat superior. *Sisk* at ¶ 7, 81 P.3d at 58, n. 16; *Burke* at ¶ 12, 37 P.3d at 814. Under that doctrine, a master is liable for injury proximately resulting from the acts of a servant done within the scope of the servant's employment. Where the liability of the master is premised solely upon the master's vicarious liability for a servant's negligence, "an effective release of the servant operates to release the master." *Sisk* at ¶ 7, 81 P.3d at 58, *citing Burke* and *Mid–Continent Pipeline Co. v. Crauthers*, 1954 OK 61, 267 P.2d 568. Although the release of a primarily-liable servant may operate to release a secondarily-liable master, the converse is not true: The release of a master does not operate to release the servant. This is so because the "viability of the claim against a servant is the *sine qua non* of the master's

continued liability in respondeat superior." *Sisk* at ¶ 11, 81 P.3d at 60. Stated otherwise, the servant's liability is an indispensable requisite for the master's vicarious liability.

¶9 Under both § 832(H)(1) and the common law principles of respondeat superior, the Settlement executed by Plaintiffs in favor of Orthopedic Associates, Inc. did not operate to release Dr. Traczyk from liability for his own alleged negligence. *Burke* does not dictate a contrary ruling. As conceded by Plaintiffs, the Settlement did effectively release the doctor from vicarious liability for any conduct on the part of Cathy Saunders. On the basis of the foregoing and upon *de novo* review of the record, *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52, we conclude Dr. Traczyk is not entitled to judgment as a matter of law with respect to Plaintiffs' negligence claim against the doctor. Accordingly, the trial court's summary judgment order is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

¶10 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

ADAMS, J., and BUETTNER, V.C.J./P.J., concur.