1999 OK 100

**John H. GORTON and Judy Gorton, Plaintiffs/Appellants,**

**v.**

**J.W. MASHBURN, d/b/a Penn Brooke Office Park, Defendant/Appellee.**

No. 90358.

Supreme Court of Oklahoma.

Dec. 14, 1999.

Gary B. Homsey and Jeffrey Reese Atkins of Gary B. Homsey & Associates, Oklahoma City, Oklahoma, for Appellants.

Robert W. Hayden of Speck, Easter & Hayden, Oklahoma City, Oklahoma for the appellee.

LAVENDER, J.

¶1 The present cause's resolution requires delineation of the ambit of protection afforded to property owners by 12 O.S.1991 § 109[1]—the ten-year statute of repose for design or construction defects in completed improvements.[2]

## I

## FACTS AND PROCEDURAL HISTORY

¶2 John Gorton [appellant[3] or Gorton] was a tenant of the Penn Brooke Office Park.

The office park—owned by Mashburn [owner or appellee]—consists of six separate buildings built around a common area through which a stream flows. Wooden bridges across the creek provide pedestrians egress from the office complex. The bridges were installed in 1981 and remained structurally unchanged between the time of their original construction and Gorton's accident in 1996.

¶3 On March 27, 1996 Gorton was crossing one of the wooden bridges during a rain storm. He slipped and fell injuring himself and for this he seeks damages from Mashburn. Gorton's petition asserts negligence in the manner of the bridge's construction because its design did not comply with Oklahoma City's BOCA Basic Building Code (effective when the bridge was built in 1981). Appellant also seeks to impose liability upon the building's owner under a theory of negligent maintenance.

¶4 Mashburn sought summary judgment arguing that since the bridge was built more than ten years before Gorton brought his claim and had not been altered in the interim, the appellant's claim was barred by § 109's terms—i.e, the ten year statute of repose for causes of actions based upon design or construction defects.[4] Gorton in his response took issue with the characterization of his theory of recovery as being for design

---

1. The terms of 12 O.S.1991 § 109 provide:

"No action in tort to recover damages
(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
(ii) for injury to property, real or personal, arising out of any such deficiency, or
(iii) for injury to the person or for wrongful death arising out of any such deficiency,
shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement."

2. For a history of statutes of repose for design and construction defects see WAYNE J. MARTORELLI, *State Statutes of Repose and Government Claims for Latent Defects in Design and Construction*, 25 Pub. Cont. L.J. 199 (Winter 1996).

3. Judy Gorton—whose claim is derivative of John Gorton's [her husband] injury—is for loss of consortium. John Gorton is the only person involved in the slip-and-fall accident.

4. For the distinction between a statute of limitation and a statute of repose see *Neer v. State ex rel. Okla. Tax Com'n*, 1999 OK 41, 982 P.2d 1071, 1078, where the Court observed:

"A statute of limitation extinguishes a remedy for an existing right by penalizing a party who sleeps on that right. *A statute of repose sets an outer chronological time boundary beyond which no cause of action may arise for conduct that would otherwise have been actionable.*
* * *
In essence, a statue of limitation is a procedural device and does not start to run until a cause of action accrues, i.e, at that point in time a plaintiff can successfully prove the elements of his/her claim. A statute of repose, in contrast, begins to run from a date certain,

or construction defects. Rather appellant asserted that he only raised the building code's violation to establish negligence per se in the bridge's maintenance.

¶ 5 The trial court entered summary judgment for Mashburn ruling that any personal injury claim arising out of the bridge's design or construction is barred when more than ten years have elapsed since completion of the improvement's construction. The Court of Civil Appeals [COCA] reversed the trial court's summary judgment in owner's favor and remanded the cause, holding that while the terms of § 109 bar any action related to the design or construction of the bridge, the owner is under an ongoing duty to maintain the bridges on its property in a safe and sanitary condition in accordance with the building code in effect when the bridge was first constructed. The COCA then remanded the case because of unresolved questions of material fact concerning owner's liability for negligence in the maintenance of its property. Certiorari was sought and granted.

## II

### THE LEGAL EFFECT OF 12 O.S.1991 § 109[5] [A STATUTE OF REPOSE] UPON NEGLIGENCE CLAIMS BASED UPON DESIGN AND CONSTRUCTION DEFECTS

¶ 6 Resolution of the present cause requires statement of the obvious: *Maintenance is not the same as nor synonymous with design and construction.* Maintenance is best characterized as after-care or upkeep.[6] Although a builder, designer or owner's negligence in either stage—(1) design

and construction or (2) maintenance—of a property's development and management may be actionable when it results in another's wrongful injury, claims based upon design or construction defects can only be prosecuted during the ten-year period which follows substantial completion of the improvement allegedly causing the harm.[7]

■ ¶ 7 The parties do not contest the applicability of 12 O.S.1991 § 109's terms to claims for design and/or construction defects. Rather Gorton's appeal interposes a question about what effect, if any, should the statute of repose have on his effort to hold Mashburn liable for negligence. The appellant in his attempt to prove his tort claim seeks to impose on the owner a *statutory* standard of care [as defined by the BOCA Basic Building Code's design and construction terms] rather than the duty of care *said to be owed by a landlord to a tenant under the common law.*[8] Hence, the issue becomes the use of *negligence per se*[9] when proving a negligent maintenance theory of recovery *based upon design and construction defects more than ten years old.*

¶ 8 Section 109 evinces in clear language legislative intent that persons who own, lease or possess property which has been structurally enhanced not be liable for design and construction defects in the built improvement more than ten years after "substantial completion" of the same. Were we to hold that a plaintiff could impose liability upon an improvement's owner for such a defect (*i.e.*, one more than ten years old) under the guise of a negligent-maintenance theory of recovery based upon negligence per se, we would have

regardless of when a plaintiff may be able to bring a cause of action to successful conclusion." [Emphasis added.][Citations omitted.]

5. The constitutionality of 12 O.S.1991 § 109 as it relates to negligence claims (other than wrongful death) based upon design and construction defects was upheld in *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139 782 P.2d 915.

6. See BLACK'S LAW DICTIONARY 953 (6th ed.1990) which defines "maintenance" as follows:

"The upkeep or preservation of condition of property, including cost of ordinary repairs

necessary and proper from time to time for that purpose."

7. For the pertinent terms of 12 O.S.1991 § 109, see *supra* note 1.

8. For the examples of the common-law duty of care owed by a landlord to a tenant for common areas, see *Krokowski v. Henderson Nat'l. Corp.*, 1996 OK 57, 917 P.2d 8, 11; *Jackson v. Land*, 1964 OK 102, 391 P.2d 904 syl. 2.

9. For the difference between negligence per se and general negligence, see *Real Estate Marketing, Inc. v. Franz*, 885 S.W.2d 921, 926–927 (Kent.1994).

to ignore the legislative intent evinced in § 109.

¶ 9    Although Gorton phrases the alleged building code violation in terms of "negligent maintenance," his claim in essence charges Mashburn with responsibility for failure to build the allegedly defective bridge in compliance with building code standards applicable when the bridge was first constructed. To sustain Gorton's theory of recovery the Court would have to exclude "owners" from the protective ambit of § 109. The suggested construction of the statute of repose's language—i.e., to deny *owners* the statutorily-declared immunity for design and construction defects more than ten years old when negligence per se is asserted—would affront the Legislature's declared intent. This the Court will not do. The statute of repose—12 O.S.1991 § 109 [10]—prevents Gorton's negligence per se claim [11] from *arising more than ten years after the improvement's substantial completion.*[12] Stated simply, Gorton cannot rely upon *statutory design and construction* standards for exit-ways (i.e, those enunciated in the BOCA Basic Building Code) to define the standard of care owed to a party using the bridge in question when the improvement in issue is more than ten years old. This is specially true when, as here, the bridge has not been altered or reconstructed since it was originally built.

¶ 10    We are mindful that design and construction—although addressed in the same building code as the maintenance requirement relied upon by Gorton—are not coterminous with upkeep. Today's pronouncement does not exonerate an owner from having to safely *maintain* his property as required by the BOCA Basic Building Code. Rather its effect is to require that the owner's standard of conduct in the maintenance of improvements on his/her property *which are more than ten years old* is to be determined by common law.

## III

### SUMMARY JUDGMENT WAS APPRO-PRIATE UNDER THE RECORD PRESENTED ON APPEAL

■ ¶ 11    Summary adjudication affords a method for terminating a case when all that remain are questions of law.[13] Review of the evidentiary materials here present reveal that the factual disputes between the parties relate solely to the design and construction of the bridge where the slip-and-fall accident occurred. Gorton's expert [14] below premised his conclusions (concerning the safety of the bridge) upon the design and construction shortcomings of the same and not upon the *presence of conditions* which would represent "hidden defects, traps, snares or pitfalls" which, if causing harm, would represent a breach of a landlord's duty to *safely maintain* the premises.[15] Even Gorton's certiorari paperwork illustrates his intent to prove the "negligent maintenance" of the bridge in question by demonstration of its non-compliance with BOCA Basic Building Code design and construction standards for exit-walkways. Because the bridge was constructed more than ten years before the present case was brought (and has not been altered in the interim), the statute of repose embodied in § 109 precludes the claims which are asserted by Gorton—including the one for negli-

---

10.   See *supra* note 1 for the pertinent language of § 109.

11.   Today's pronouncement renders unnecessary the trial court finding that a plaintiff has satisfied the three prong test for application of negligence per se [see *Boyles v. Oklahoma Natural Gas Co.,* 1980 OK 163, 619 P.2d 613, 618] for after ten years have expired from the substantial completion of the improvement, no cause of action may arise based upon design and construction defects in the same.

12.   For comparable analysis, see *Boyum v. Main Entree, Inc.,* 535 N.W.2d 389 (Minn.Ct.App. 1995); cert. denied Sept. 28, 1995.

13.   *Shamblin v. Beasley,* 1998 OK 88, 967 P.2d 1200, 1207.

14.   *See* Jack Graves' affidavit, filed as an attachment to "Plaintiffs Brief In Response To Defendant's Motion For Summary Judgment" below.

15.   *See Buck v. Del City Apartments, Inc.,* 1967 OK 81, 431 P.2d 360, 365–66, where the Court defined a landlord's duty to invitees. *See also Brown v. Alliance Real Estate Group,* 1999 OK 7, 976 P.2d 1043, 1044; *Krokowski,* supra note 8 at 11.

gent maintenance predicated upon violation of statutorily-declared design-and-construction standards—from arising as a matter of law. Hence, summary judgment below for owner is affirmed.

## IV

## SUMMARY

¶ 12 Review of the present case's record reveals that Gorton's claim (regardless of how nominated) is founded upon factual allegations related to the design and construction of the bridge, the situs of his accident. Where this is so, the terms of § 109 (the ten-year statute of repose) prevent such actions from arising. Oklahoma's statutes and extant jurisprudence do not recognize a legal right to sue for design and construction defects more than ten years old. Gorton's attempt to circumvent the statute of repose's effect by asserting a negligent maintenance claim based upon violation of statutory design and construction standards is not persuasive. This is not to say an owner has no duty to the invited public to safely maintain common areas; he/she does. That duty, however, is defined by the common law [16] and does not extend to design and construction defects *more than ten years old*.

¶ 13 Upon certiorari earlier granted,

THE COURT OF CIVIL APPEALS' OPINION IS VACATED; AND THE DISTRICT COURT'S JUDGMENT IS AFFIRMED.

¶ 14 SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, and BOUDREAU, JJ., concur.

¶ 15 KAUGER, J., concurs in result.

¶ 16 OPALA, J., concurs in part; dissents in part.

¶ 17 WATT, J., dissents.

16. See *supra* note 4.