2000 OK 75

**Linda ABBOTT, Plaintiff–Appellant,**

**v.**

**Edward K. WELLS; Minnie Earlene Wells; Edward K. Wells, Trustee of the Edward K. Wells Revocable Trust; and Minnie Earlene Wells, Trustee of the Minnie Earlene Wells Revocable Trust, Defendants–Appellees.**

**No. 94,125.**

Supreme Court of Oklahoma.

Oct. 3, 2000.

Dale Ray Gardner, Sapulpa, Oklahoma, for Plaintiff–Appellant.

Bruce E. Roach, Philip J. McGowan, Carpenter, Mason & McGowan, Tulsa, Oklahoma, for Defendants–Appellees.

## OPINION

WATT, Justice:

¶ 1 Plaintiff, Linda Abbott, claimed she fell and was injured when she attempted to enter a restroom in the Wells Building in Sapulpa. She claimed her fall was caused because defendant building owners had negligently failed to warn that the elevation of the restroom floor was higher than that of the floor of the hallway leading to the restroom door and that this failure proximately caused her fall. The trial court granted summary judgment for the defendants, Edward K. Wells, et al., under 12 O.S.1991 § 109.[1] Section 109 provides that no action may be brought for any design defect in improvements to real property, more than ten years after the completion of such improvements. The Wells building was built in 1918. Ms. Abbott appealed on the ground that her suit was based on the Wellses' failure to warn of a dangerous condition.

¶ 2 The sole issue in this case is whether Ms. Abbott's action was barred by 12 O.S. 1991 § 109. We hold that it was not.

## DISCUSSION

¶ 3 The owner of premises owes an invitee "the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers . . ." *Weldon v. Dunn*, 1998 OK 80 ¶ 12, 962 P.2d 1273, 1276 (quoting with approval from *Rogers v. Hennessee*, 1979 OK 138, 602 P.2d 1033 (Okla.1979)). Thus, Ms. Abbott as an invitee is entitled to go to the jury on the issue of whether the condition of the raised restroom floor constituted a "hidden danger," which caused Ms. Abbott's injuries. If so, then the jury could impose liability upon the Wellses for having failed to warn Ms. Abbott of the condition.

¶ 4 The case at bar is distinguishable from *Gorton v. Mashburn*, 1999 OK 100, 995 P.2d 1114. In *Gorton*, we held that § 109 barred plaintiff's claim that a bridge upon which he had fallen was improperly designed and constructed. Plaintiff claimed that he was also alleging negligent maintenance of the bridge but we observed that this claim was made in order to establish a building code violation. We held that plaintiff's attempt to establish the violation of the building code because the code's design and construction terms had been violated demonstrated that his claim was actually based in design and construction defects more than ten years old. We expressly distinguished that claim from one based "on the duty of care said to be owed by a landlord to a tenant under the common law." 995 P.2d 1114, 1999 OK 100 ¶ 7. Here, by contrast, Ms. Abbott's claim is based on common law negligence for failure to warn an invitee of a hidden danger, not liability, statutory or otherwise, based on design and construction defects.

1. Title 12 O.S.1991 § 109 provides:
   No action in tort to recover damages
   (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
   (ii) for injury to property, real or personal, arising out of any such deficiency, or
   (iii) for injury to the person or for wrongful death arising out of any such deficiency,
   shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

¶ 5 We hold, however, that § 109 does bar any claim Ms. Abbott might have had "for any deficiency in the design, planning, supervision, or observation of construction or construction" of the restroom floor because it was completed more that ten years before Ms. Abbott's fall. We note that nowhere in her trial court brief did Ms. Abbott expressly state that defective design of the restroom floor was not part of her claim, although she did concede in her petition for certiorari, "The claim for damages against the defendants is not because of the construction and design of the bathroom of the Wells Building." This being so, we hold that the Wellses will be entitled to an instruction to the jury to the effect that any deficiency in the design, planning, supervision, or observation of construction or construction of the restroom floor is not an issue in the case and that the jury may not consider any such deficiency as a ground for imposing liability against the Wellses.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, JUDGMENT OF THE DISTRICT COURT REVERSED AND CAUSE REMANDED WITH INSTRUCTIONS.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, KAUGER, and BOUDREAU, JJ., concur.

LAVENDER, J., with whom WINCHESTER, J., joins, dissenting:

"I believe the Court of Civil Appeals' opinion was correct."