2010 OK CIV APP 14

**Patricia RUDDY & William Ruddy, Plaintiffs/Appellants,**

**v.**

**Roger and Donna SKELLY d/b/a Skelly Enterprises & McAnaw & Company Realtors, Defendants/Appellees.**

**No. 106,710.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 30, 2009.

Certiorari Denied Jan. 25, 2010.

---

Jason B. Reynolds, Billy D. Griffin, Griffin, Reynolds & Associates, Oklahoma City, OK, for Appellant.

Micky Walsh, Jerry Fraley, Beeler, Walsh & Walsh, P.L.L.C., Oklahoma City, OK, for Appellees.

LARRY JOPLIN, Judge.

¶ 1 Plaintiffs/Appellants Patricia Ruddy and William Ruddy (Plaintiffs) seek review of the trial court's order granting a motion for summary judgment by Defendants/Appellees Roger Skelly and Donna Skelly d/b/a Skelly Enterprises and McAnaw & Company Realtors (collectively, Defendants) and entering judgment in Defendants' favor based upon the statute of repose embodied in 12 O.S. § 109. In this appeal, Plaintiffs argue the trial court misconstrued the legal theory asserted in their lawsuit and consequently erred in its application of law.

¶ 2 Plaintiffs commenced the instant action asserting Plaintiff Patricia Ruddy was injured after she completed her business on September 14, 2006, exited Defendants' building, tripped on an unmarked step near a landing, and fell. Plaintiff William Ruddy claimed damages due to a loss of consortium.

¶ 3 Defendants filed a motion for summary judgment in which they asserted the step was unchanged since it was constructed in 1984, and Plaintiffs' claims based upon the incident in 2006 were barred by the statute of repose found in 12 O.S. § 109. That statute provides:

No action in tort to recover damages

(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

(ii) for injury to property, real or personal, arising out of any such deficiency, or

(iii) for injury to the person or for wrongful death arising out of any such deficiency,

shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

According to Defendants, Plaintiffs' claim must fail because § 109 prevents the assertion of a negligence *per se* claim which arises more than ten years after construction is completed.

¶ 4 Plaintiffs contended the statute of repose was inapplicable since they were not relying upon construction defects [1] as the source of the wrong for which they sought damages, but instead upon breach of a duty to warn of hidden traps, snares, or pitfalls. They claimed the concrete and aggregate composition of a curb and adjacent walk made the step just such a hidden danger.

¶ 5 The trial court granted Defendants' motion. Plaintiffs present a single question of law for consideration in their appeal, and that is, does the statute of repose apply to bar the prosecution of their claims?

¶ 6 "Summary judgment is appropriate only where there are no material facts in dispute and the moving party is entitled to

---

1. In point of fact, Plaintiffs contended that absent a revelation during discovery that the premises had been altered somehow within the ten years preceding the fall, they "unambiguously agree that they have no cause of action for negligence in design or construction of the Defendants' premises." However, they re-iterated that design was *not* the basis of their cause of action.

judgment as a matter of law." *Wathor v. Mutual Assur. Adm'rs, Inc.*, 2004 OK 2, ¶ 4, 87 P.3d 559, 561. (Citation omitted.) "In reviewing a summary judgment grant an appellate court engages in a plenary, independent and non-deferential re-examination of the trial court's ruling, i.e., a *de novo* review." *Wylie v. Chesser*, 2007 OK 81, ¶ 3, 173 P.3d 64, 66. (Emphasis original.) (Citation omitted.) "If the uncontroverted facts support legitimate inferences favoring well-pleaded theory of the party against whom the judgment is sought or if the judgment is contrary to substantive law, the judgment will be reversed." *Wathor*, 2004 OK 2, ¶ 4, 87 P.3d at 561. (Citation omitted.)

¶ 7 The owner of premises owes "the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers." *Rogers v. Hennessee*, 1979 OK 138, ¶ 3, 602 P.2d 1033, 1034. However, "[t]he invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is [not] liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care." *Williams v. Tulsa Motels*, 1998 OK 42, ¶ 6, 958 P.2d 1282, 1284. That is to say, "[t]he owner . . . of the premises has no obligation to warn an invitee, who knew or should have known the condition of the property, against patent and obvious dangers." *Buck v. Del City Apartments*, 1967 OK 81, ¶ 20, 431 P.2d 360, 365.

¶ 8 In the trial court, Defendants contended they were entitled to judgment under § 109 and cited in support, *Gorton v. Mashburn*, 1999 OK 100, 995 P.2d 1114, in which the plaintiff fell on a pedestrian bridge, structurally unchanged since its substantial completion more than ten years prior. The Oklahoma Supreme Court held in *Mashburn* that "§ 109 preclude[d] the claims asserted" and affirmed the trial court's order summarily adjudicating the plaintiff's claim. 1999 OK 100, ¶ 11, 995 P.2d at 1117.

¶ 9 In response, Plaintiffs argued *Mashburn* did not apply and that their cause of action rested on allegations of common law negligence, as in *Abbott v. Wells*, 2000 OK 75, 11 P.3d 1247. In *Abbott*, the plaintiff was injured when she tripped at the point where a floor changed elevation between a hallway and a restroom, a condition present since the building was constructed in 1918. 2000 OK 75, ¶ 1, 11 P.3d at 1248. The Oklahoma Supreme Court concluded the plaintiff's cause of action was based on common law negligence for failure to warn an invitee of a hidden danger, rather than on defective design or construction and distinguished in *Mashburn*. 2000 OK 75, ¶ 4, 11 P.3d at 1248.

¶ 10 As in *Abbott*, the Plaintiffs' claims here are "based on common law negligence for failure to warn an invitee of a hidden danger, not liability, statutory or otherwise, based on design and construction defects." 2000 OK 75, ¶ 4, 11 P.3d at 1248. Consequently, we hold § 109 does not apply to bar Plaintiffs' claim in the present case.

¶ 11 The trial court erred as a matter of law in granting the motion for summary judgment in favor of Defendants based on § 109. The order of the trial court is REVERSED and the cause is REMANDED for further proceedings.

HANSEN, P.J., and MITCHELL, C.J., concur.