**Sharon GILL, on her own behalf and on behalf of the Estate of Gale Gill, Deceased, Appellant–Plaintiff,**

v.

**EVANSVILLE SHEET METAL WORKS, INC., Appellee–Defendant.**

No. 49A05–0912–CV–699.

Court of Appeals of Indiana.

Dec. 15, 2010.

Linda George, W. Russell Sipes, George & Sipes, LLP, Indianapolis, IN, Attorneys for Appellant.

Ross E. Rudolph, James B. Godbold, Joseph H. Langerak IV, Rudolph, Fine, Porter & Johnson, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Sharon Gill (Sharon), on her own behalf and on behalf of the Estate of her husband, Gale Gill (Gale), appeals the trial court's grant of Appellee–Defendant's, Evansville Sheet Metal Works, Inc. (ESMW), motion for summary judgment with respect to Sharon's complaint that Gale had been exposed to asbestos and subsequently had died from an asbestos related disease.[1]

We affirm.

### ISSUE

Sharon raises one issue for our review, which we restate as follows: Whether the trial court erred by deciding that Sharon's claim was barred by the Construction Statute of Repose.

### FACTS AND PROCEDURAL HISTORY

Gale was employed with Aluminum Company of America (ALCO) in Newburgh, Indiana, until 1986. While working there, his responsibilities included operating, repairing, and maintaining smelting pots. During Gale's employment with ALCO, ESMW worked as a contractor for ALCO "at a common work site with Gale where materials containing asbestos were present and/or used." (Appellant's App. p. 95). Gale passed away from lung cancer on May 4, 2005.

On May 4, 2007, Sharon filed a Master Complaint against ESMW on her own behalf and on behalf of Gale's Estate, alleging that Gale had been exposed to asbestos and subsequently died from an asbestos related disease. On April 7, 2009, ESMW filed an initial motion for summary judgment, claiming, among other things, that the Construction Statute of Repose (CSOR), enacted at Indiana Code section 32–30–1–5(d), barred Sharon's complaint. Sharon responded on June 18, 2009, stating that ESMW failed to meet its *prima facie* burden to demonstrate that the CSOR applied to bar her claims. On June 30, 2009, the trial court granted in part and denied in part ESMW's initial motion for summary judgment.

On August 3, 2009, ESMW filed a renewed initial motion for summary judgment on the same grounds as the first motion. Sharon responded on August 18, 2009. On November 20, 2009, the trial court entered an Order in favor of ESMW, granting its initial motion for summary judgment.

Sharon now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

#### I. *Standard of Review*

This cause comes before this court as an appeal from a grant of summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust*

---

1. We heard oral argument in this cause on October 7, 2010 in the Indiana Court of Appeals Courtroom. We thank counsel of both parties for their excellent advocacy.

*Co. v. Whorley,* 891 N.E.2d 604, 607 (Ind. Ct.App.2008), *trans. denied.* Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607–08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.* When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id.* Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id.*

■ We observe that in the present case, the trial court entered detailed findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *Id.* However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *Local Rules*

■ Initially, we want to note our concern with the application of the Marion County Circuit Court's mass tort litigation rules to this case. Trial courts may establish local rules for their own governance only as long as these rules are not inconsistent with rules prescribed by the supreme court or by statute. *See* Ind. Trial Rule 81. These local rules are generally procedural, intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits. *Meredith v. State,* 679 N.E.2d 1309, 1310 (Ind.1997). Once a local rule is made, all litigants and the court are bound by the rules of the court. *State v. Decatur Circuit Court,* 247 Ind. 567, 219 N.E.2d 898, 899 (1966).

> A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business. Furthermore, a rule adopted by a court is something more than a rule of the presiding judge; it is a judicial act, and when taken by a court, and entered of record, becomes a law of procedure therein, in all matter to which it relates, until rescinded or modified by the court.

*Magnuson v. Billings,* 152 Ind. 177, 180, 52 N.E. 803 (1899). Pursuant to these general guidelines, the Marion County Circuit Court's mass tort docket has exercised its power to draft local rules to facilitate the efficient resolution of mass tort cases.

The procedural posture and facts—or lack thereof—of this case can only be truly understood within the framework of the Marion Circuit Court mass tort litigation rules. Under these local rules, a case that is neither exigent nor set for trial is considered "stayed." *See* LR49–TR40 Rule 711(H). While a party is permitted to file documents in a stayed case, the typical time for response does not begin until the case is set for trial. *See* LR49–TR40 Rule 711(H). Because the instant case is neither exigent nor scheduled for trial, it is considered a stayed case pursuant to local rule 711(H). The exception to the rule requiring no activity in a stayed case is with respect to an initial summary judgment motion filed pursuant to local rule 714.

Local rule 714 provides a limited opportunity for a party in a stayed case to file a summary judgment motion. Because an initial motion for summary judgment is filed prior to discovery, "[o]nly summary judgment motions that raise issues for which no significant discovery is deemed necessary for the preparation and filing of the motion may be filed as an initial summary judgment motion." *See* Rule 714(A). It is generally understood by the Marion County Circuit Court that an initial motion for summary judgment is designed to be used by a party against 'whom a claim has been asserted in an effort to secure judgment on the claim prior to engaging in discovery or extensive litigation.

■ However, we caution that a trial court should not blindly adhere to all of its local rules. "Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means." *Meredith v. State*, 679 N.E.2d 1309, 1311 (Ind.1997) (quoting *American States Ins. Co. v. State*, 258 Ind. 637, 283 N.E.2d 529, 531 (1972)). Before a court may set aside its own rule, and it should not be set aside lightly, the court must assure itself that it is in the interest of justice to do so, that the substantive rights of the parties are not prejudiced, and that the rule is not a mandatory rule. *Meredith*, 679 N.E.2d at 1311.

In the instant case, ESMW took advantage of local rule 714 and filed an initial motion for summary judgment in the stayed case claiming that its cause falls within the protection of CSOR, I.C. § 32–30–1–5(d), which provides

(d) An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for:

(1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property;

(2) an injury to real or personal property arising out of a deficiency; or

(3) an injury or wrongful death of a person arising out of a deficiency;

may not be brought against a designer or possessor unless the action is commenced within the earlier of ten (10) years after the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement.

Thus in order to fall within the purview of the statute, which would bar Sharon's complaint, ESMW was required to designate evidence establishing that (1) its work constituted "an improvement to real property" and (2) the complaint was brought more than ten years after the date of substantial completion of the improvement. *See* I.C. § 32–30–1–5(d)(1). In other words, to thoroughly evaluate ESMW's initial motion for summary judgment, we are required to interpret the statute.

■ Analyzing Indiana's relevant case law, it should be noted that this jurisdiction has never clearly characterized "an improvement to real property." *See, e.g., J.M. Foster, Inc. v. Spriggs*, 789 N.E.2d 526 (Ind.App.2003), *reh'g denied.* Thus, to evaluate what can be considered an improvement to real property, we need to inquire as to the scope of work performed by ESMW. However, the application of local rule 714 prevents us from pursuing this analysis. Because local rule 714 al-

lows an initial motion for summary judgment to be filed prior to discovery, the facts before us are necessarily limited to those included in Sharon's complaint. Specifically, ESMW designated portions of Sharon's Master Complaint, where Sharon alleged that ESMW, as contractor, "sold, distributed, installed, applied and/or removed asbestos-contained products to which [Gale] was exposed." (Appellee's App. p. 17). Her complaint further alleged that ESMW "applied or removed asbestos-containing products or asbestos-insulated equipment to which DECEDENT was exposed." (Appellee's App. p. 17). Finally, the complaint stated that ESMW "manufactured, sold, installed or caused to be installed, used, distributed, and/or otherwise placed into the stream of commerce, asbestos and/or asbestos-containing products...." [2]

A proper analysis of the statutory language "improvement to real estate" necessitated detailed discovery. We believe that the trial court should not have adhered to the local rule as it failed to achieve "the ultimate end of orderly and speedy justice." *See Meredith,* 679 N.E.2d at 1310. In sum, this cause did not lend itself to the application of local rule 714.

### III. *Time Limitation to Bring Complaint*

Despite the limitation of local rule 714, the trial court decided ESMW's initial motion for summary judgment solely under the second prong of the CSOR, *i.e.,* ESMW's work was substantially completed more than ten years before Sharon filed her complaint. *See* I.C. § 32–30–1–5(d). Nevertheless, despite the inclusion of this unambiguous time period in the CSOR, Sharon contends that the application of

this ten-year period in the situation before us would create a blanket immunity for ESMW.

■ Indiana Code section 32–30–1–5(d) is a statute of repose and not a statute of limitation. *Kissel v. Rosenbaum,* 579 N.E.2d 1322, 1326 (Ind.Ct.App.1991). A statute of limitation requires a lawsuit to be filed within a specified period of time after a legal right has been violated. *Id.* In contrast, a statute of repose is designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim. *Id.* A statute of repose might theoretically bar a claim filed within the period allowed by the applicable statute of limitation. *Id.* In practical terms, a statute of repose marks the boundary of a substantive right whereas a statute of limitation interposes itself only procedurally to bar a remedy after a substantive right has vested. *Id.* A statute of limitation implicitly seeks to punish those who sleep on their rights, while a statute of repose operates to bar some recoveries no matter how diligently the claim may have been asserted. *Id.*

■ The purpose of the CSOR is to protect engineers, architects, and contractors from stale claims and to eliminate open-ended liability for defects in workmanship. *Spriggs,* 789 N.E.2d at 532–33.

Statutes of repose are based upon considerations of the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists. Thus, a statute of repose is typi-

---

**2.** In its renewed motion for initial summary judgment, ESMW designated evidence that it has never sold or distributed asbestos-containing products. Sharon does not dispute this evidence and only asserts that ESMW is liable for installation, application and/or removal of asbestos-containing products to which Gale was exposed.

cally an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body.

Society benefits when claims and causes are laid to rest after having been viable for a reasonable time. When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission. This is not only for the convenience of society but also due to necessity. At that point, society is secure and stable.

*Kissel,* 579 N.E.2d at 1328.

 Sharon filed her suit more than ten years after the substantial completion of the project. Specifically, the designated evidence clearly reflects that Gale retired in 1986, whereas the claim was brought in 2007, or more than twenty-one years after his retirement. Permitting Sharon now to proceed with a claim against ESMW, more than twenty-one years after the last possible date of exposure, would create an open-ended liability which CSOR was designed to prevent. Thus, regardless whether there was an improvement to real estate, Sharon brought her claim outside the ten year period stipulated in the CSOR and therefore, her claim is barred.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly granted summary judgment in favor of ESMW as Sharon's claim is barred by the CSOR.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.