. Darlene BACA, Appellant,

v.

RPM, INC., c/o Patty Brown, Appellee.

No. 79A02–1006–SC–655.

Court of Appeals of Indiana.

Jan. 25, 2011.

Ann Ginda, Indiana Legal Services, Inc., Lafayette, IN, Jamie Andree, Indiana Legal Services, Inc., Bloomington, IN, Attorneys for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

■ Pursuant to a policy or practice of Tippecanoe Superior Court 4, Darlene Baca ("Baca"), a disabled and indigent small claims litigant, was ordered to perform four hours of community service in order to have her claim set for a hearing. The trial court certified its order for interlocutory appeal and this Court accepted jurisdiction. Baca presents the sole issue of whether the informal local rule requiring community service is enforceable.[1] We hold that it is not a duly promulgated local rule and is unenforceable. The interlocutory order for community service is reversed.

### Facts and Procedural History

Acting pro se, Baca attempted to file a claim for the return of her security deposit from a former landlord. Unemployed, disabled, and indigent, Baca lacked the $76 filing fee but was informed by court personnel that she could perform sixteen hours of community service in order to have her complaint filed. Baca contacted Indiana Legal Services.

On April 14, 2010, at a hearing before a judge pro tempore in Superior Court 4, Baca appeared with counsel from Indiana Legal Services. Counsel argued that the community service "policy" was of "questionable soundness" and that, nonetheless, Baca was unable to perform community service. (Tr. 2.) Baca testified that she was residing in public housing and receives Social Security disability and supplemental security income payments. She further testified that she suffers from scoliosis and has a plate in her leg and foot.

After suggesting that Meals on Wheels might be an appropriate venue for community service, the judge pro tempore advised Baca's counsel that counsel would be responsible for "helping her find four hours of community service that she can do." (Tr. 5.) Counsel informed the judge that Baca was facing imminent eviction from public housing unless she could prove that she was contesting a demand for damages from her former landlord. In an apparent deviation from the requirement that community service be performed before an indigent's claim could be filed, the court ordered Baca's claim to be filed. However, the setting of a hearing date was held in abeyance pending Baca's performance of four hours of community service.

---

1. No appellee's brief or amicus brief has been filed in this matter. In this situation, we reverse if the materials submitted by the appellant present a case of prima facie error. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind.2006). Prima facie error is error "at first sight, on first appearance, or on the face of it." *Id.* However, the issues involved in an interlocutory appeal are those presented to the trial court in ruling on the interlocutory order. *See Budden v. Bd. of Sch. Comm'rs of Indianapolis,* 698 N.E.2d 1157, 1165 n. 14 (Ind.1998). Accordingly, we do not address Baca's contention, first raised in her appellate brief, that her rights under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, were violated.

On May 17, 2010, the regular presiding judge of Tippecanoe Superior Court 4 certified for interlocutory appeal the "order requiring the Plaintiff to perform community service before [the court] will grant a waiver of the filing fee or have a hearing on the merits." (App.21.) This Court accepted jurisdiction of the interlocutory appeal.

### Discussion and Decision

Notwithstanding Indiana Code Section 33–37–3–2, providing that a person entitled to bring a civil action may do so without paying the required fees after filing a sworn statement of his or her indigency,[2] Tippecanoe Superior Court 4 has implemented a practice of requiring indigent persons to perform community service in lieu of filing fees. The judge pro tempore who presided at Baca's hearing described the practice as "the judge's standing policy . . . to do sixteen." (Tr. 4.)

■ Indiana Rule of Trial Procedure 81 provides that "[c]ourts may regulate local court and administrative district practice by adopting and amending in accordance with this Rule local and administrative district rules not inconsistent with—and not·duplicative of—these Rules of Trial Procedure or other Rules of the Indiana Supreme Court." Recently, in *Gill v. Evansville Sheet Metal Works, Inc.*, 940 N.E.2d 328 (Ind.Ct.App.2010), we reviewed the function and scope of local rules. Local rules are generally procedural, intended to standardize the practice within that court, to facilitate the effective flow of information, and to enable the court to rule on the merits. *Id.* at 331. After a local rule is promulgated, all litigants and the court are bound by the rules of the court. *Id.* at 331–32.

"A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their

---

2. Indiana Code Section 33–37–3–2 provides:

(a) Except as provided in subsection (b), a person entitled to bring a civil action or to petition for the appointment of a guardian under IC 29–3–5 may do so without paying the required fees or other court costs if the person files a statement in court, under oath and in writing:
(1) declaring that the person is unable to make the payments or to give security for the payments because of the person's indigency;
(2) declaring that the person believes that the person is entitled to the redress sought in the action; and
(3) setting forth briefly the nature of the action.
(b) If a person brings a civil action or petition for the appointment of a guardian under IC 29–3–5, a clerk shall waive the payment of required fees or other court costs by the person without court approval if:
(1) the person is represented by an attorney:
(A) who is employed by Indiana Legal Services or another civil legal aid program; or
(B) who:
(i) is serving as a pro bono attorney; and
(ii) obtained the person as a client through a direct referral from a pro bono district associated with one (1) of the fourteen (14) administrative districts in Indiana established by the Indiana Rules of Court Administrative Rule 3(A); and
(2) the attorney files a statement with the clerk that:
(A) seeks relief from paying the required fees or other court costs;
(B) declares that the person believes that the person is entitled to the redress sought in the action;
(C) sets forth briefly the nature of the action;
(D) is accompanied by an approved affidavit of indigency; and
(E) is signed by the attorney.
(c) This section does not prohibit a court from reviewing and modifying a finding of indigency by the court or a clerk if a person who received relief from the payment of required fees or other court costs ceases to qualify for the relief.

rights, as well as to secure the prompt and orderly dispatch of business. Furthermore, a rule adopted by a court is something more than a rule of the presiding judge; it is a judicial act, and when taken by a court, and entered of record, becomes a law of procedure therein, in all matter to which it relates, until rescinded or modified by the court."

*Id.* at 331 (quoting *Magnuson v. Billings,* 152 Ind. 177, 180, 52 N.E. 803 (1899)). Accordingly, Trial Rule 81(B) sets forth the procedure for local rule adoption:

(1) When a court or administrative district proposes to adopt or amend local or administrative district rules, it shall give notice to the bar and public of the content of the proposal, the time period for the bar and public to comment, the address to which comments should be sent, and the proposed effective date. Notice shall include, but not be limited to, transmitting the proposal to the officers of any local county bar association.

(2) The court shall also transmit the proposal to the county clerk and to the Division of State Court Administration in digital format. The county clerk shall post the proposal in the county clerk's office(s) and on the county clerk's website, if any, and the Division of State Court Administration shall post the proposal on the Indiana Judicial Website for public inspection and comment. The court and the Division of State Court Administration shall receive comments for not less than thirty (30) days.

Subsection (F) requires that adopted rules be placed in the Record of Judgments and Orders, and that the county clerk post them in the clerk's office and on the county clerk's website, if any, for public inspec-tion. A copy is to be transmitted to the Division of State Court Administration for posting on the Indiana Judicial Website. T.R. 81(F).

Subsection (A) includes a specific prohibition of standing orders: "Courts shall not use standing orders (that is, generic orders not entered in the individual case) to regulate local court or administrative district practice." We agree with Baca that the practice of Tippecanoe Superior Court 4 is essentially a standing order, in circumvention of the requirements of Trial Rule 81(B) for the proper promulgation of local court rules. It is, accordingly, unenforceable.[3]

Reversed.

NAJAM, J., and DARDEN, J., concur.

---

**3.** We do not undertake to render an advisory opinion as to whether a substantively similar rule, if duly promulgated, would contravene the Open Courts Clause of the Indiana Constitution, art. I, section 12, or Indiana Code Section 33–37–3–2.