Cynthia PERDUE, Appellant–Plaintiff,

v.

GREATER LAFAYETTE HEALTH SERVICES, INC. d/b/a Home Hospital, Appellee–Defendant.

No. 79A05–1011–CT–687.

Court of Appeals of Indiana.

June 8, 2011.

David W. Craig, Scott A. Faultless, Craig Kelley & Faultless, Indianapolis, IN, Attorneys for Appellant.

Lia M. Hanson, Karen R. Orr, Stuart & Branigin LLP, Lafayette, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Cynthia Perdue appeals the trial court's entry of summary judgment in favor of Greater Lafayette Health Services, Inc., d/b/a Home Hospital ("Home Hospital"), on her complaint alleging negligence and seeking damages for bodily injuries. Perdue presents a single issue for our review, namely, whether the trial court erred when it concluded that her complaint is barred by a statute of repose.

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2007, Perdue was leaving Home Hospital when she tripped on an inverted ramp and fell to the ground in a parking garage owned and maintained by Home Hospital. Perdue sustained bodily injuries as a result of the fall. The ramp was the same color and material as the floor around it, and there were no markings or signs to warn of the change in elevation at that location.

On May 5, 2008, Perdue filed a complaint, and on August 5, 2009, she filed an amended complaint, both alleging that Home Hospital was negligent in failing to use ordinary care to maintain the premises in a reasonably safe condition suitable for the use of those who come upon it; failing to actively and continuously inspect the premises from time to time in a reasonable effort to discover and remedy defects that made said premises unsafe for use; and failing to warn of the dangerous condition created by the uneven condition of the concrete floor in the parking garage. And Perdue alleged that Home Hospital's negligence proximately caused her injuries.

On February 8, 2010, Home Hospital filed a motion for summary judgment alleging that Perdue's claim is barred as a matter of law by Indiana Code Section 32–30–1–5 ("statute of repose"), which provides:

(a) As used in this section, "designer" means a person who:

(1) designs, plans, supervises, or observes the construction of an improvement to real property; or

(2) constructs an improvement to real property.

(b) As used in this section, "possessor" means a person having ownership, possession, or control of real property at the time an alleged deficiency in an im-

provement to the real property causes injury or wrongful death.

(c) As used in this section, "deficiency" does not mean a failure by a possessor to use reasonable care to maintain an improvement to real property following a substantial completion of an improvement.

(d) An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for:

(1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property;

(2) an injury to real or personal property arising out of a deficiency; or

(3) an injury or wrongful death of a person arising out of a deficiency;

may not be brought against a designer or possessor unless the action is commenced within the earlier of ten (10) years after the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement.

In support of its motion, Home Hospital argued that because the concrete ramp "was built at the time of the garage's construction [more than ten years prior to Perdue's fall] and has not been modified since that time[,]" and because her injury arose "out of an alleged deficiency in the design or construction of a structure[,]" Perdue's injury is barred by the statute of repose. Appellant's App. at 84. Home Hospital did not make any other contentions in support of summary judgment.

Perdue filed a memorandum in opposition to Home Hospital's summary judgment motion and asserted that because

"[n]o part of [her] claim is based upon a theory of negligent design or construction[,]" her claim is not barred by the statute of repose. *Id.* at 109. Following a hearing, the trial court denied Home Hospital's summary judgment motion. But following Home Hospital's motion to correct error, the trial court entered summary judgment in favor of Home Hospital. The trial court found and concluded as follows:

1. A Statute of Repose is designed to bar an action after a specified period of time has run from the occurrence of some event other than the injury. It may bar a substantive right which may not have vested.

2. Plaintiff alleges her claim is based on the negligence of the Defendant in failing to reasonably maintain its property and its failure to warn of a dangerous condition on the property. Plaintiff alleges that no part of its claim is based upon a theory of negligent design or construction.

3. Upon further review of the record, however, it is clear that the Plaintiff's claim as to the maintenance of the property is not based upon some factor such as ice or snow build-up created subsequent to the construction, but is based upon the design or construction of the property itself. Further, the claim against the Defendant for failure to warn of a dangerous condition on the property is actually a claim as to an alleged dangerous condition of the property as constructed and, therefore, a claim as to the design or construction of the same.

4. In any event, the Plaintiff failed to produce sufficient facts by affidavit or otherwise that the "condition" was improperly maintained or dangerous so as

to require a warning.[1]

5. Therefore, and upon further review, the Statute of Repose applies, the Court does GRANT the Defendant's Motion to Reconsider and therefore enters Judgment against the Plaintiff and for the Defendant on Defendant's Motion for Summary Judgment.

Appellant's App. at 6–7. This appeal ensued.

## DISCUSSION AND DECISION

We review a summary judgment order de novo. *Bules v. Marshall County,* 920 N.E.2d 247, 250 (Ind.2010). The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Shelter Ins. Co. v. Woolems,* 759 N.E.2d 1151, 1153 (Ind.Ct.App. 2001), *trans. denied.* We must determine whether the evidence that the parties designated to the trial court presents a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Bules,* 920 N.E.2d at 250. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. *Bules,* 920 N.E.2d at 250.

Perdue contends that the trial court erred when it granted Home Hospital's summary judgment motion because Home Hospital did not sustain its burden to prove the absence of a genuine issue of material fact whether Indiana Code Section 32–30–1–5 bars Perdue's claims. Again, that statute, a statute of repose, bars claims alleging deficiency in the design of an improvement of real property

brought within the earlier of ten years after the date of substantial completion of an improvement or twelve years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement. I.C. § 32–30–1–5. And subsection (c) of the statute provides: "As used in this section, 'deficiency' does *not* mean a failure by a possessor to use reasonable care to maintain an improvement to real property following a substantial completion of an improvement." *Id.* (emphasis added).

Perdue argues that nowhere in her complaint does she allege negligence due to an alleged deficiency in the design or construction of the improvements to the Home Hospital garage, which was built in 1993. And in her brief in opposition to Home Hospital's summary judgment motion, Perdue maintains that her claims are based upon Home Hospital's failure to use reasonable care in maintaining its premises in a safe condition and in protecting her from harm, which are distinct from any claim for a design or construction defect. Perdue designated evidence in support of that contention. Accordingly, Perdue asserts that her claims are not barred by the statute of repose.

This case presents an issue of first impression for our courts, and we may look to other jurisdictions for support. In addressing a case on all fours with the instant case, the Court of Civil Appeals of Oklahoma has held that a statute of repose for design defects does not apply to a complaint alleging failure to warn an invitee of a hidden danger. *See Ruddy v. Skelly,* 231 P.3d 725 (Okla.Civ.App.2009).

---

1. Perdue contends, and we agree, that the trial court's finding that Perdue failed to produce "sufficient facts" to support her negligence claim was improper. Home Hospital did not allege the absence of a genuine issue of material fact or designate evidence on the issue of whether the ramp was a dangerous condition. Accordingly, Perdue did not have any burden to designate such evidence in her response to Home Hospital's motion.

In *Ruddy*, the plaintiff tripped on an unmarked step near a landing on the defendant's premises and sustained injuries after she fell to the ground. Plaintiff filed a complaint alleging negligence, and the defendant filed a motion for summary judgment asserting that because "the step was unchanged since it was constructed in 1984" plaintiff's claim, brought more than twenty years later, was barred by the statute of repose applicable to claims alleging deficiency in the design or construction of improvements to real property.[2] *Id.* at 726.

In opposition to summary judgment, the plaintiff claimed that she was not alleging deficiency in the design or construction of the parking garage, but defendant's breach of the duty to warn of hidden dangers. The trial court granted summary judgment to the defendant. On appeal, the Oklahoma court held that the statute of repose did not bar the plaintiff's claim because it was "'based on common law negligence for failure to warn an invitee of a hidden danger, not liability, statutory or otherwise, based on design and construction defects.'" *Id.* at 727 (quoting *Abbott v. Wells*, 11 P.3d 1247, 1248 (Okla.2000)).

▇▇▇ Here, the trial court found that Perdue's claim "is based upon the design or construction of the property itself." Appellant's App. at 7. And the trial court found that her claim for failure to warn of a dangerous condition on the property "is actually a claim as to an alleged dangerous condition of the property as constructed and, therefore, a claim as to the design or construction of the same." *Id.* Thus, the trial court concluded that the statute of repose bars Perdue's claim as a matter of law. We cannot agree.

In *Burrell v. Meads*, 569 N.E.2d 637, 642–43 (Ind.1991), our Supreme Court explained that a business visitor is an invitee and is entitled to a duty of reasonable care from landowners as that duty is defined in the Restatement (Second) of Torts § 343, which provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

▇▇▇ This duty to protect invitees stems from a landowner's control over the premises. "The thread through the law imposing liability upon occupancy of premises is control." *Harris v. Traini*, 759 N.E.2d 215, 225 (Ind.Ct.App.2001) (quoting *Great Atl. & Pac. Tea Co. v. Wilson*, 408 N.E.2d 144, 150 (Ind.Ct.App.1980)).

"[O]nly the party who controls the land can remedy the hazardous conditions which exist upon it and only the party who controls the land has the right to prevent others from coming onto it. Thus, the party in control of the land has the exclusive ability to prevent injury from occurring."

*Id.* (quoting *City of Bloomington v. Kuruzovich*, 517 N.E.2d 408, 411 (Ind.Ct.App. 1987), *trans. denied* ).

▇▇▇ Indiana Code Section 32–30–1–5, the statute of repose, was created to protect engineers, architects, contractors, and

---

**2.** Oklahoma's statute of repose for claims alleging deficiency in the design or construction

of improvements to real property is substantively similar to Indiana's.

others involved in the design and construction of improvements to real property from stale claims and to eliminate open-ended liability for defects in workmanship. *See Gill v. Evansville Sheet Metal Works, Inc.,* 940 N.E.2d 328, 333 (Ind.Ct.App.2010). And the legislature exempted from the statute of repose claims against a landowner alleging failure to use reasonable care to maintain an improvement to real property after completion of the improvement. *See* I.C. § 32–30–1–5(c). Here, the trial court interpreted the statute, with respect to a landowner's duty to "maintain," to mean "maintenance of the property … such as [clearing] ice or snow build-up created subsequent to the construction" of the garage. Appellant's App. at 6–7. But Perdue advances a broader interpretation of "maintain" to include making sure the premises are reasonably safe and warning invitees of dangerous conditions.

■ Where the language of a statute admits to more than one construction it is proper for the court to consider the consequences of the proposed alternative constructions. *See Robertson v. Bd. of Zoning Appeals, Town of Chesterton,* 699 N.E.2d 310, 316 (Ind.Ct.App.1998). The court should endeavor to give an ambiguous statute a practical construction and construe it so as not to permit absurdity, hardship or injustice, but to favor public convenience and public interest. *See Merritt v. State,* 829 N.E.2d 472, 475 (Ind. 2005). Here, the trial court's narrow interpretation of the term "maintain," as used in subsection (c), negates a landowner's duty to warn of latent dangerous conditions on the premises if those conditions were created as part of the design or construction of the improvements, and that cannot be what the legislature intended. Again, our common law has long held that a landowner "owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the landowner's premises." *Burrell,* 569 N.E.2d at 639. An invitee can expect that the landowner has either " 'ma[de] conditions on the premises safe or [will] at least warn of hidden dangers.' " *Id.* at 643 (quoting McCleary, *The Liability of a Possessor of Land in Missouri to Persons Injured While on the Land,* 1 Mo.L.Rev. 45, 58 (1936)).

■ We hold that "failure to use reasonable care to maintain an improvement" includes a breach of the duty described in the Restatement (Second) of Torts § 343, namely, the duty to exercise reasonable care to protect invitees against dangerous conditions of the premises. *See, e.g., Piluso v. Bell Atlantic Corp.,* 305 A.D.2d 68, 759 N.Y.S.2d 58, 60 (2003). Comment d to § 343 states that an invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.

Here, after the garage was completed and Home Hospital assumed full control of the premises, it had a duty, distinct from any duty it may have had with regard to the design and construction of the premises,[3] either to repair dangerous conditions of the premises or to warn invitees of any danger. *See, e.g., Nider v. Republic Parking, Inc.,* 169 P.3d 738, 744 n. 7 (Okla.Civ. App.2007) (noting a plaintiff may maintain an action for premises liability independent of a design defect claim where injury results from an integral part of the structure).

---

**3.** We note that, on appeal, there is no suggestion by either party that Home Hospital was involved in the design or construction of the premises.

Indeed, the nature of the landowner's duty to protect an invitee from dangerous conditions is ongoing, so there is no danger of stale claims or having to defend against " 'some long-forgotten act or omission[,]' " which is the primary basis for creating a statute of repose. *See Gill*, 940 N.E.2d at 334 (quoting *Kissel v. Rosenbaum*, 579 N.E.2d 1322, 1328 (Ind.Ct.App. 1991)). Thus, there would be no purpose in barring a claim based on the breach of this duty of care in the context of the statute of repose. Rather, the standard two-year statute of limitations for negligence claims is sufficient to protect defendants from issues of staleness on claims such as Perdue's.

Again, nothing in Perdue's complaint suggests that she is relying on a deficiency in the design or construction of the parking garage to support her claim, but she is alleging breach of the duty to protect invitees from a dangerous condition of the premises. Accordingly, her complaint is not barred by the statute of repose.[4] The trial court erred when it interpreted Indiana Code Section 32–30–1–5 to bar claims such as Perdue's. Home Hospital has not shown, as a matter of law, that there exist no genuine issues of material fact, and Home Hospital is not entitled to summary judgment. We reverse the trial court's entry of summary judgment and remand for further proceedings.

Reversed and remanded for further proceedings.

ROBB, C.J., and CRONE, J., concur.

---

4. We note that only notice pleading is required and that Perdue did not have to specify her legal theory in her complaint as she did.