## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Nov 14 2018, 9:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Carlisle, Indiana

ATTORNEYS FOR APPELLEES

Jamie C. Woods
Christopher S. Riley
Thorne Grodnik, LLP
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin L. Martin,

*Appellant-Plaintiff,*

v.

Arvil R. Howe and Charles W.
Lahey,

*Appellees-Defendants.*

November 14, 2018

Court of Appeals Case No.
18A-CT-680

Appeal from the Sullivan Superior
Court

The Honorable Hugh R. Hunt,
Judge

Trial Court Cause No.
77D01-1801-CT-15

**Najam, Judge.**

## Statement of the Case

[1]     Kevin L. Martin brings this interlocutory appeal from the Sullivan Superior

Court's order to transfer venue over Martin's civil complaint against Arvil R.

Howe and Charles W. Lahey to St. Joseph County. Martin raises three issues for our review, but we consider only the following issue: whether Martin challenges the Sullivan Superior Court's order to transfer venue. As we conclude that Martin has not in fact challenged that order on appeal, and as no other issues are properly before us in this interlocutory appeal, we dismiss.

## Facts and Procedural History

Following his conviction and sentence for murder, Martin became an inmate at the Wabash Valley Correctional Facility in Sullivan County. There, he filed a civil complaint against Howe and Lahey, his trial and appellate counsel, respectively, during the criminal proceedings. Howe and Lahey both reside in St. Joseph County.

Howe and Lahey moved to dismiss Martin's complaint pursuant to Indiana Trial Rule 12(B)(3) and to transfer venue to St. Joseph County pursuant to Trial Rule 75(A)(1).[1] The trial court granted the motion and denied Martin's subsequent motion to reconsider. This appeal ensued.

## Discussion and Decision

Martin brings this interlocutory appeal from the trial court's order to transfer venue. "An appeal from an interlocutory order is not allowed unless specifically authorized . . . ." *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193

---

[1] Trial Rule 75(A)(1) states that preferred venue for an action lies in the county where "the greater percentage of individual defendants included in the complaint reside[.]" There is no question on the record here that that county is St. Joseph County.

(Ind. Ct. App. 2004), *trans. denied*. "The authorization is to be strictly construed, and any attempt to perfect an appeal without such authorization warrants a dismissal." *Id.* Indiana Appellate Rule 14(A)(8) permits interlocutory appeals of right following a trial court's order to transfer venue under Trial Rule 75. However, any issues outside the trial court's ruling on the interlocutory order "are unavailable on interlocutory appeal." *Curtis v. State*, 948 N.E.2d 1143, 1147 (Ind. 2011); *see, e.g.*, *Baca v. RPM, Inc.*, 941 N.E.2d 547, 548 n.1 (Ind. Ct. App. 2011).

[5]     Here, although Martin uses Appellate Rule 14(A)(8) to secure appellate review over the trial court's decision to transfer venue, the entirety of his argument on appeal relates to an entirely different order on discovery issues. Martin only nominally mentions the order to transfer venue, and even then the entirety of his comment on that order is to note that he has simply "appeal[ed] the motion to not lose his right to appeal . . . ." Appellant's Br. at 10. This is no argument at all.

[6]     The only issues that Martin may raise in this interlocutory appeal are issues that relate to the trial court's decision to transfer venue. *Curtis*, 948 N.E.2d at 1147. But we must conclude that Martin wholly failed to present an argument supported by cogent reasoning as it relates to that decision. *See* Ind. Appellate Rule 46(A)(8). Accordingly, we dismiss Martin's appeal.

[7]     Dismissed.

Crone, J., and Pyle, J., concur.